SHORT TITLE:

CASE NUMBER:

MC–025

FILED

NUNC PRO TUNC

2008 JUL 21 PM 12: 14

JUL 07 2008

US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

ATTACHMENT (Number): _____

Page _____ of _____

(This Attachment may be used with any Judicial Council form.)

(Add pages as required)

United States District Court

Southern District of California

Ex-parte Application

To The Honorable

Judge John A. Houston

Urgent Request

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
to Judicial Council Form

Page 1 of 1

www.courtinfo.ca.gov

SHORT TITLE: ALvin Hennington JR. VS.
Federal Bureau of Investigation AJB

CASE NUMBER: 08CV1033 BTM-

MC-025

DATE: 07-07-08

ATTACHMENT (Number): _____    Page ___ of ___

(This Attachment may be used with any Judicial Council form.)    (Add pages as required)

Request for Entry of

Court Default Judgment

in the amount of

600 million dollars and

Request Court injuction

against Defendants NAmes:

Federal Bureau of

Investigation. For Plaintiff NAme:

ALvin Hennington JR.

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Alvin Hennington

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

ATTACHMENT
to Judicial Council Form

Page 1 of 1
www.courtinfo.ca.gov

Federal Case #
08CV1033BTM-AJB

SHORT TITLE: ALvin Hennington JR.
VS Federal Bureau of Investigation

CASE NUMBER: 37-2008-
00079157-CU-DF-CTL

MC-025

**ATTACHMENT (Number):** _____    Page 1 of 6

(This Attachment may be used with any Judicial Council form.)    (Add pages as required)

Ex-Parte

I was Falsely arrested for the third time,
The second time this year, Since I
Filed the conflict of Interist civil cases
I Filed a Default Judgement against Federal
Bureau of Investigation ~~May 30, 2008~~ April 20-08 Date of
Complaint March 3, 2008 San Diego Superior
Court of California, County of San Diego,
I Filed an Amended Complaint and served
U.S. Customs and Border Protection services, Federal
Bureau of Investigation On April 23, 2008.
as shown on attached Form [non-levy-San
Diego County Sheriffs Department Form.
As well as conflics of Interist Federal
Law Violations the Defendants willfully
Violated, The Defendants Also Violated
all laws on Page 3

(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)

Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

Page 1 of 1
www.courtinfo.ca.gov

Conflict
of
Interist

1  Malicious Prosecution; Tort claims act, exception,
2  Claim arising 28 §2680 Malisious Mischief Generally
3  18 §1361 et seq. Conspiracy 18 §§1362, 1363 §3050
4  Civil Right conspiracy 42 §1985 et seq Definition
5  18 §248; Bank Fraud, Continuing Financial Crimes,
6  Enterprise 18 §225 Agents and Agencies, officers, and
conflict 7  Employees of Government 18 §§205, 216 Bribery and
of
interist 8  corruption 18 §201 Federal Agencies 44 §3549
9  Judges of Justices Disqualification 28 §455
10  Definitions 18 §§202, 207 United states citizens,
11  Loyalty 22 §287nt, Eon 10422 - Information 15 §1330b
12  19 §126 et. seq - customs Duties Generally
13  Definitions 19 §1401 Investigations 19 §1677m
14  Johnson Act Debt Default act [Debt Default Act]
15  April 13, 1934, ch 112, 48 stat. 574 [see 18 §955] July 3, 1945 ch.
16  339, §9, 59 stat. 516 ~~~~ A4  31 §804b  42. ~~~~ A4.
17  Recovery 18 §218 Legal services 42 §2996b
18  Acounting and oversight board 15 §§78J-1, 7211 et seq
19  42 §264 United states court of Appeals for the
20  Federal circuit 18 §§204, 216, Civil Rights; conprilacy
       42 §1986, Civil Rights Depravation of rights
       42 §§1983, 1987, 1988, 1971, Federal neutrality
       20 §1688nt, Equal protection of laws 42 §2000H-2,
       Definitions 18 §248, Confinement 28 §1826, Conflict of
       Interist 28 §518, 528, Ethics, office of Govenment Ethics

# NON-LEVY Service Instructions - San Diego County Sheriff

### (User other side for Levy Services)

Plaintiff: *Alvin Hennington*    vs.    Defendant: *U.S. Customs*    Case number: 37-2008-00081244 CU-CR-CTL

## YOU ARE HEREBY INSTRUCTED TO SERVE: (Place "X" in appropriate box)

- [X] Summons and Complaint/Petition
- [ ] Order to Show Cause
- [ ] Landlord Notice
- [ ] Claim of Plaintiff/Defendant (Small Claims)
- [ ] Order to Appear for Examination
- [ ] Other _____

RECEIVED 23 APR 08 12:7 SAN DIEGO COUNTY SHERIFF CIVIL OFFICE

[ ] Enforce Writ of Possession for Real Property (Eviction)

Person for Contact: _____    Daytime Phone: _____

Complete if known:    OCCUPANTS KNOWN TO CARRY WEAPONS? Yes [ ] / No [ ]
WEAPONS ON THE PREMISES? Yes [ ] / No [ ]    HISTORY OF VIOLENCE Yes [ ] / No [ ]

PLEASE SERVE: *U.S. Customs*

AGENT FOR SERVICE (If applicable) _____

Address: *610 Ash street*

City: *San Diego*    ST: *CA*    ZIP: *92101*

Provide if Possible (or appropriate):

DL#: _____    DOB: _____    SEX: _____    RACE: _____    SSN: _____

SPECIAL INSTRUCTIONS:

### ***NOTICE TO REQUESTOR***
The Sheriff's Department DOES NOT guarantee service.
The Sheriff's Department is entitled to its fees, whether the service is completed or not. (California Gov't Code 26738)

Name of person requesting service: *Alvin Hennington JR.*

(NOTE: Instructions may only be signed by the Plaintiff / Creditor or their Attorney of Record.)

Address: *5170 Claismont mesa BLVD*    City: *San Diego*    State: *CA*    Zip: *92117*

Primary telephone: *( 858 ) 496-0695*    Other telephone: ( )

I AUTHORIZE THE SHERIFF TO SERVE THIS PROCESS IN THE MANNER PRESCRIBED BY LAW, INCLUDING SUBSTITUTE SERVICE, IF APPLICABLE.

Signature: *Alvin Hennington jr*    Date: *April 23-08*

***************** SHERIFF'S USE ONLY **************** SHERIFF'S USE ONLY *****************

HEARING DATE: _____    LAST DAY TO SERVE: _____

FEE WAIVER DATE: _____    JUDGE: _____

C-1 (Rev 10/2006)

art

ndirectly, any
equal protec-
privileges or
ing as hereto-
as applied to
st a citizen, is
pplied to con-
annot be sus-
within a state,
f treaty rights,
eparation into
nction.

656, 763, 120

urs in Rev.St.
viding for the
pire to injure,
any citizen in
f any right or
onstitution or
ed in its strict
," and not as
nhabitant," or

656, 763, 120

penalizing a
n in the free
him by the
ed States only
s with rights
owers of the
t apply to in-
rights which
y guarantees
18 U.S.C.A.
nd. 14.
t, 341 U.S. 70,

by outsiders
their right to
ns under the
only to a civil
uch outsiders
cution under
onment for a
reaten or in-
exercise or
ge secured to
of the United
exercised the
§ 201, 204, 42
.S.C.A. § 241.
231, 390 U.S.

ning to con-
encompasses
n clauses of
t unconstitu-
!41; U.S.C.A.

383 U.S. 745,

## CONSPIRACY  ⬅29

### For references to other topics, see Descriptive-Word Index

Since gravamen of offense under statute pertaining to conspiracy against rights of citizens is conspiracy, requirement that offender must act with specific intent to interfere with federal rights in question is satisfied. 18 U.S.C.A. § 241; U.S.C.A.Const. Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Statute pertaining to conspiracy against rights of citizens incorporates no more than equal protection clause itself; statute does not purport to give substantive, as opposed to remedial, implementation to any rights secured by that clause. 18 U.S.C.A. § 241; U.S.C.A. Const. Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Statute pertaining to conspiracy against rights of citizens protects only against rights secured by other federal laws or by Constitution itself. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Not every criminal conspiracy affecting individual's right of free interstate passage is within sanction of statute pertaining to conspiracy against rights of citizens; specific intent to interfere with federal right must be proved, and at trial defendants are entitled to jury instruction phrased in those terms. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

If predominant purpose of conspiracy is to impede or prevent exercise of right of interstate travel, or to oppress person because of his exercise of that right, then whether or not motivated by racial discrimination conspiracy becomes proper object of statute pertaining to conspiracy against rights of citizens. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

**U.S.Ga. 1895.** It is the right of every private citizen of the United States to inform a marshal of the United States or his deputy of a violation of the internal revenue laws of the United States. This right is secured to the citizen by the Constitution of the United States; and a conspiracy to injure, oppress, threaten, or intimidate him in the free exercise or enjoyment of this right, or because of his having exercised it, is punishable, under section 5508 of the Revised Statutes.

In re Quarles, 15 S.Ct. 959, 158 U.S. 532, 39 L.Ed. 1080.

**U.S.Ga. 1884.** Rev.St.U.S § 5508, 18 U.S. C.A. § 51, making amenable to penalty "any two or more persons who may conspire to injure, oppose, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Consti-

tution and laws of the United States," is constitutional.

The Ku Klux Cases, 4 S.Ct. 152, 110 U.S. 651, 28 L.Ed. 274.

Rev.St. § 5520, punishing conspiracy to prevent voters from giving support to candidates to federal offices, protects a right secured by the federal Constitution and laws, and is valid.

The Ku Klux Cases, 4 S.Ct. 152, 110 U.S. 651, 28 L.Ed. 274.

**U.S.Ky. 1944.** The federal statute denouncing conspiracy to injure any citizen in free exercise of any right or privilege secured to him by the Federal Constitution or laws embraced conspiracy by election officers to stuff a ballot box in an election at which a member of Congress was to be elected. 18 U.S.C.A. § 51.

U. S. v. Saylor, 64 S.Ct. 1101, 322 U.S. 385, 88 L.Ed. 1341, rehearing denied 65 S.Ct. 27, 323 U.S. 809, 89 L.Ed. 645, and U. S. v. Poer, 65 S.Ct. 28, 323 U.S. 809, 89 L.Ed. 645.

**U.S.La. 1875.** To bring a case within the operation of the act of 1870, 16 Stat. 140, known as the "Enforcement Law," it must appear that the right the enjoyment of which the conspirators intended to hinder or prevent was one granted by the constitution or laws of the United States.

U.S. v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588.

**U.S.Miss. 1966.** Punishment may be invoked under statute prohibiting conspiracy against rights of citizens if there is conspiracy causing arrest of Negroes by means of false reports that such Negroes committed criminal acts. 18 U.S.C.A. § 241.

City of Greenwood, Miss. v. Peacock, 86 S.Ct. 1800, 384 U.S. 808, 16 L.Ed.2d 944.

**U.S.Miss. 1966.** Statute prohibiting conspiracy to injure, oppress, threaten or intimidate any citizen in free exercise or enjoyment of any right or privilege secured to him by Constitution or laws of United States extends to conspiracies with respect to rights and privileges protected by Fourteenth Amendment and extends to conspiracies, otherwise in scope of section, participated in by officials alone or in collaboration with private persons. 18 U.S. C.A. § 241; U.S.C.A.Const. Amend. 14.

U. S. v. Price, 86 S.Ct. 1152, 383 U.S. 787, 16 L.Ed.2d 267.

Statute prohibiting conspiracy to injure, oppress, threaten or intimidate any person in free exercise or enjoyment of any right or privilege secured to him by Constitution or laws of United States embraces all of rights and privileges secured to citizens by all of Constitution and all of laws of United States and was not intended to be confined to rights

**For later cases see same Topic and Key Number in Pocket Part**

that are conferred by or flow from federal government as distinguished from those secured or confirmed or guaranteed by Constitution. 18 U.S.C.A. § 241; U.S.C.A.Const. Amend. 14.

U. S. v. Price, 86 S.Ct. 1152, 383 U.S. 787, 16 L.Ed.2d 267.

**U.S.Ohio 1918.** Criminal Code, § 19, 18 U.S.C.A. § 51, punishing conspiracies to oppress free exercise of rights secured by federal Constitution or laws, etc., is inapplicable to conspiracy to bribe voters at election for presidential electors and members of Congress.

U.S. v. Bathgate, 38 S.Ct. 269, 246 U.S. 220, 62 L.Ed. 676.

**U.S.Okl. 1915.** State election officials, who conspire to deprive legal citizens of their right to vote under U.S.C.A. Const.Amend. 15, are indictable under Pen.Code, § 19.

Guinn v. U.S., 35 S.Ct. 926, 238 U.S. 347, 59 L.Ed. 1340, L.R.A.1916A, 1124.

**U.S.Okl. 1915.** A conspiracy of state election officers to omit returns from certain precincts at election of Congressmen from their count and from their return is indictable under Cr.Code March 4, 1909, § 19, 18 U.S.C.A. § 51.

U.S. v. Mosley, 35 S.Ct. 904, 238 U.S. 383, 59 L.Ed. 1355.

**U.S.Tenn. 1883.** Rev.St. § 5519, prohibiting conspiracies to deprive any person of rights or privileges secured by state laws, is beyond the legislative power of the United States, and is void.

U.S. v. Harris, 1 S.Ct. 601, 106 U.S. 629, 27 L.Ed. 290.

**U.S.Tex. 1892.** The word "citizen," as used in Rev.St.U.S. § 5508, 18 U.S.C.A. § 51, making it a crime to conspire to injure any citizen in the free exercise of any right secured to him, is used in its political sense, and not as synonymous with "resident," "inhabitant," or "person," and therefore does not include an alien.

Logan v. U.S., 12 S.Ct. 617, 144 U.S. 263, 36 L.Ed. 429.

⬅29.5. **Conspiracy against exercise of civil rights.**

**Library references**

C.J.S. Conspiracy § 57(1).

**U.S.Cal. 1887.** The word "citizen," as it occurs in Rev.St.U.S. § 5508, providing for the punishment of those who "conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the constitution or laws of the United States," is used in its strict sense, as contrasted with "alien," "inhabitant," and not as synonymous with "resident," "inhabitant," or "person."

Baldwin v. Franks, 7 S.Ct. 656, 120 U.S. 678, 32 L.Ed. 766.

Rev.St. § 5519, imposing a punishment upon those who "in any state or territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws," being, as heretofore decided, unconstitutional as applied to conspiracies within a state against a citizen, is unconstitutional altogether as applied to conspiracies within a state, and cannot be sustained as applied to conspiracies within a state against aliens, to deprive them of treaty rights, the statute not being capable of separation into parts corresponding to this distinction.

Baldwin v. Franks, 7 S.Ct. 656, 120 U.S. 678, 32 L.Ed. 766.

**U.S.Ga. 1966.** If predominant purpose of conspiracy is to impede or prevent exercise of right of interstate travel, or to oppress person because of his exercise of that right, then whether or not motivated by racial discrimination conspiracy becomes proper object of statute pertaining to conspiracy against rights of citizens. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

If predominant purpose of conspiracy is to impede or prevent exercise of right of interstate travel, or to oppress person because of his exercise of that right, then whether or not motivated by racial discrimination conspiracy becomes proper object of statute pertaining to conspiracy against rights of citizens. 18 U.S. C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Not every criminal conspiracy affecting individual's right of free interstate passage is within sanction of statute pertaining to conspiracy against rights of citizens; specific intent to interfere with federal right must be proved, and at trial defendants are entitled to jury instruction phrased in those terms. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

Since gravamen of offense under statute pertaining to conspiracy against rights of citizens is conspiracy, requirement that offender must act with specific intent to interfere with federal rights in question is satisfied. 18 U.S. C.A. § 241; U.S.C.A.Const. Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745, 16 L.Ed.2d 239.

**U.S.Ky. 1944.** The federal statute denouncing conspiracy to injure any citizen in free exercise of any right or privilege secured to him by the Federal Constitution or laws embraced conspiracy by election officers to stuff a ballot box in an election at which a

member of
U.S.C.A. § 51
U. S. v. S
88 L.E
27, 32:
S.Ct. 2

**U.S.Miss**
spiracy to in
date any citi:
of any right
Constitution
to conspiraci
leges protecte
extends to cc
section, parti
collaboration
C.A. § 241; l
U. S. v. l
16 L.E

**U.S.Okl.**
tion officers
cincts at elec
count and frc
Cr.Code Mar:
U. S. v. N
59 L.E:

**U.S.W.Vi**
unlawful to c
free exercise
secured to l
United States
cution for co
attempt to ch
but intent to
to injure rigl
to express tl
have expressi
effect, withoi
casting fraud
Andersor
211, 41

⬅29.6. ——
**U.S.Ala.**
take a prison
officers and
they did not
the constituti
him by the C
of Const. U.S
not indictabl
[U.S.Comp. S
injure such p
U. S. v. F
53 L.E:

**U.S.Fla.**
conspiracy t(
exercise of a
Constitution
covers condu
arising from
federal gover
terference by

**For references to other topics, see Descriptive-Word Index**

irt

a punishment
: or territory
ose of depriv-
any person or
otection of the
nmunities un-
ofore decided,
, conspiracies
is unconstitu-
) conspiracies
: sustained as
a state against
uty rights, the
eparation into
inction.
656, 120 U.S.

ant purpose of
ent exercise of
oppress person
at right, then
cial discrimina-
· object of stat-
gainst rights of

), 383 U.S. 745,

conspiracy is to
right of inter-
n because of his
whether or not
tion conspiracy
te pertaining to
tizens. 18 U.S.

0, 383 U.S. 745,

oiracy affecting
state passage is
taining to con-
ns; specific in-
right must be
s are entitled to
ose terms. 18

0, 383 U.S. 745,

e under statute
ist rights of citi-
nt that offender
to interfere with
atisfied. 18 U.S.
end. 14.
70, 383 U.S. 745,

eral statute de-
e any citizen in
privilege secured
itution or laws
ction officers to
ction at which a

member of Congress was to be elected. 18
U.S.C.A. § 51.

U. S. v. Saylor, 64 S.Ct. 1101, 322 U.S. 385,
88 L.Ed. 1341, rehearing denied 65 S.Ct.
27, 323 U.S. 809, 89 L.Ed. 645 and 65
S.Ct. 28, 323 U.S. 809, 89 L.Ed. 645.

**U.S.Miss. 1966.** Statute prohibiting con-
spiracy to injure, oppress, threaten or intimi-
date any citizen in free exercise or enjoyment
of any right or privilege secured to him by
Constitution or laws of United States extends
to conspiracies with respect to rights and privi-
leges protected by Fourteenth Amendment and
extends to conspiracies, otherwise in scope of
section, participated in by officials alone or in
collaboration with private persons. 18 U.S.
C.A. § 241; U.S.C.A.Const. Amend. 14.

U. S. v. Price, 86 S.Ct. 1152, 383 U.S. 787,
16 L.Ed.2d 267.

**U.S.Okl. 1915.** A conspiracy of state elec-
tion officers to omit returns from certain pre-
cincts at election of Congressmen from their
count and from their return is indictable under
Cr.Code March 4, 1909, § 19.

U. S. v. Mosley, 35 S.Ct. 904, 238 U.S. 383,
59 L.Ed. 1355.

**U.S.W.Va. 1974.** Under statute making it
unlawful to conspire to injure, etc., citizen in
free exercise or enjoyment of right or privilege
secured to him by Constitution or laws of
United States, specific intent required in prose-
cution for conspiracy to cast false votes is not
attempt to change outcome of federal election,
but intent to have false votes cast and thereby
to injure right of all voters in federal election
to express their choice of candidate and to
have expressions of choice given full value and
effect, without being diluted or distorted by
casting fraudulent ballots. 18 U.S.C.A. § 241.

Anderson v. U. S., 94 S.Ct. 2253, 417 U.S.
211, 41 L.Ed.2d 20.

⬩29.6. —— **Rights or privileges protected.**

**U.S.Ala. 1909.** Where private individuals
take a prisoner from the custody of the state
officers and murder him to prevent his trial,
they did not deprive him of the enjoyment, in
the constitutional sense, of any right secured to
him by the Constitution and laws, in violation
of Const. U.S. Amend. 14, and therefore were
not indictable, under Rev.St. §§ 5508, 5509
[U.S.Comp. St. 1901, p. 3712], for conspiracy to
injure such person.

U. S. v. Powell, 29 S.Ct. 690, 212 U.S. 564,
53 L.Ed. 653.

**U.S.Fla. 1951.** The statute penalizing a
conspiracy to injure any citizen in the free
exercise of any right secured to him by the
Constitution or laws of the United States only
covers conduct which interferes with rights
arising from the substantive powers of the
federal government and does not apply to in-
terference by state officers with rights which

the federal government merely guarantees
from abridgment by the state. 18 U.S.C.A.
§§ 241, 242; U.S.C.A.Const. Amend. 14.

U. S. v. Williams, 71 S.Ct. 581, 341 U.S. 70,
95 L.Ed. 758.

**U.S.Ga. 1966.** Statute pertaining to con-
spiracy against rights of citizens encompasses
due process and equal protection clauses of
Fourteenth Amendment and is not unconstitu-
tionally vague. 18 U.S.C.A. § 241; U.S.C.A.
Const. Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745,
16 L.Ed.2d 239.

Statute pertaining to conspiracy against
rights of citizens incorporates no more than
equal protection clause itself; statute does not
purport to give substantive as opposed to reme-
dial, implementation to any rights secured by
that clause. 18 U.S.C.A. § 241; U.S.C.A.Const.
Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745,
16 L.Ed.2d 239.

Statute prohibiting conspiracy to injure,
oppress, threaten or intimidate any person in
free exercise or enjoyment of any right or
privilege secured to him by Constitution or
laws of United States embraces all of rights
and privileges secured to citizens by all of
Constitution and all of laws of United States
and was not intended to be confined to rights
that are conferred by or flow from federal
government as distinguished from those se-
cured or confirmed or guaranteed by Constitu-
tion. 18 U.S.C.A. § 241; U.S.C.A.Const.
Amend. 14.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745,
16 L.Ed.2d 239.

Statute pertaining to conspiracy against
rights of citizens protects only against rights
secured by other federal laws or by Constitu-
tion itself. 18 U.S.C.A. § 241.

U. S. v. Guest, 86 S.Ct. 1170, 383 U.S. 745,
16 L.Ed.2d 239.

**U.S.Ga. 1895.** It is the right of every pri-
vate citizen of the United States to inform a
marshal of the United States or his deputy of a
violation of the internal revenue laws of the
United States. This right is secured to the
citizen by the constitution of the United States;
and a conspiracy to injure, oppress, threaten,
or intimidate him in the free exercise or enjoy-
ment of this right, or because of his having
exercised it, is punishable, under section 5508
of the Revised Statutes.

In re McEntire, 15 S.Ct. 959, 158 U.S. 532,
39 L.Ed. 1080.

**U.S.Ga. 1884.** Rev.St. § 5520, punishing
conspiracy to prevent voters from giving sup-
port to candidates to federal offices, protects a

*08CV133BTM AJB*

# ☞1  MALICIOUS PROSECUTION

### For later cases see same Topic and Key Number in Pocket Part

## I. NATURE AND COMMENCEMENT OF PROSECUTION.

**☞1–2.  *See Topic Analysis for scope.***

**Library references**

C.J.S. Malicious Prosecution.

**☞3. Instigation of or participation in prosecution.**

**Library references**

C.J.S. Malicious Prosecution §§ 4, 14, 16, 17.

**U.S.Tenn. 1860.** Every person who puts the criminal law in force maliciously and without reasonable or probable cause commits a wrongful act and if the accused is thereby prejudiced, either in his person or property, the injury and loss so sustained constitute the proper foundation of an action to recover compensation.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

**☞4–14.  *See Topic Analysis for scope.***

**Library references**

C.J.S. Malicious Prosecution.

## II. WANT OF PROBABLE CAUSE.

**☞15. Necessity.**

**Library references**

C.J.S. Malicious Prosecution §§ 4, 18.

**U.S.Dist.Col. 1851.** Action for malicious prosecution will lie only where legal prosecution has been carried on without probable cause.

Dinsman v. Wilkes, 53 U.S. 390, 12 How. 390, 13 L.Ed. 1036.

**☞16. Concurrence of other elements.**

**Library references**

C.J.S. Malicious Prosecution § 19.

**U.S.Ala. 1878.** It is essential to recovery in an action for malicious prosecution that the prosecution should have been instituted maliciously, and without probable cause.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

**U.S.Dist.Col. 1845.** A prosecution with malice and without probable cause is actionable though instituted in appropriate court and carried on with every formality known to the law.

White v. Nicholls, 44 U.S. 266, 3 How. 266, 11 L.Ed. 591.

**U.S.Tenn. 1878.** "Probable cause" is reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged.

Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035.

It is no ground of action that a suit was maliciously commenced, unless it was also commenced without probable cause.

Stacey v. Emery, 97 U.S. 642, 24 L.Ed. 1035.

**☞17–19.  *See Topic Analysis for scope.***

**Library references**

C.J.S. Malicious Prosecution.

**☞17. Criminal prosecutions.**

**Library references**

C.J.S. Malicious Prosecution § 25.

**☞20. —— Belief in guilt of accused.**

**U.S.Tenn. 1860.** Probable cause is the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

**☞21–22.  *See Topic Analysis for scope.***

**☞23.  —— Inference from malice.**

**U.S.Dist.Col. 1851.** If there was probable cause for prosecution, action will not lie although party who procured arrest or indictment was actuated by malice.

Dinsman v. Wilkes, 53 U.S. 390, 12 How. 390, 13 L.Ed. 1036.

**☞24–25.  *See Topic Analysis for scope.***

**Library references**

C.J.S. Malicious Prosecution.

**☞25. Civil actions and proceedings.**

**Library references**

C.J.S. Malicious Prosecution § 22.

**☞25(1). In general.**

**U.S.Ala. 1878.** Proof of express malice will not justify the inference that probable cause did not exist.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

In an action by A. to recover damages for the alleged wrongful and malicious institution of proceedings in bankruptcy against him by B. & Co., the defendants asked the court to charge that if the jury believed from the evidence that they, in prosecuting an action of debt against him, had acted on the advice of counsel, and upon such advice had an honest belief in the validity of the debt sued for, and of their right to recover it; and in the institution of the bankruptcy proceedings, had acted

F

likewise on such belief that they such remedies collection of wh fide debt, they ment of the fact there was not su of legal proceedi A. to recover. stated constitute

Stewart v. L.Ed. 116.

A judgment creditors, in ac after creditors h ceeding against alleged debtor w clude creditors f probable cause ceeding, as a de prosecution.

Stewart v. L.Ed. 116.

**☞25(2). Advice**

*See Topic Ana*

**☞25(3). Inferen**

**U.S.Ala. 187** prosecution, faili plaintiff was rec cause in institut

Stewart v. L.Ed. 116.

**U.S.La. 187** charter a monop ness in and arou in the United Sta Co., to restrain business, which under the provis 258, vesting the municipalities, a features thereof. ment in favor of the United States was reversed. I circuit court wa ble cause for th nance of an act on account the against the A. Co the fact that, bef the United States had decided agai by it against th strain the city fr constitutional p case.

Crescent C Slaughter— Slaughter— Co., 7 S.C 614.

Case 3:08-cv-01033-JAH-LSP    Document 8    Filed 07/21/2008    Page 10 of 29

likewise on such advice, and under an honest belief that they were taking and using only such remedies as the law provided for the collection of what they believed to be a bona fide debt, they having first given a full statement of the facts of the case to counsel.—then there was not such malice in the wrongful use of legal proceedings by them as would entitle A. to recover. Held, that the facts therein stated constituted in law a probable cause.

> Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

A judgment in state court against alleged creditors, in action on their debt, rendered after creditors had instituted bankruptcy proceeding against debtor, and determining that alleged debtor was not indebted, did not preclude creditors from setting up that they had probable cause for bringing bankruptcy proceeding, as a defense in action for malicious prosecution.

> Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

⟨➡**25(2). Advice of counsel.**

*See Topic Analysis for scope.*

⟨➡**25(3). Inference from result of action.**

**U.S.Ala. 1878.** In action for malicious prosecution, failure of the proceedings against plaintiff is not evidence of want of probable cause in instituting the proceedings.

> Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

**U.S.La. 1887.** The A. Co., having by its charter a monopoly of the slaughtering business in and around New Orleans, brought suit in the United States circuit court against the B. Co., to restrain it from carrying on the same business, which the latter claimed a right to do under the provisions of Const.La.1879, §§ 248, 258, vesting the regulation of the business in municipalities, and abolishing the monopoly features thereof. The circuit court gave judgment in favor of the A. Co., but, upon appeal to the United States supreme court, this judgment was reversed. Held that the judgment of the circuit court was sufficient evidence of probable cause for the suit to prevent the maintenance of an action for malicious prosecution on account thereof, brought by the B. Co., against the A. Co. in the state courts; and that the fact that, before the beginning of the suit in the United States circuit court, the state courts had decided against the A. Co. in a suit brought by it against the city of New Orleans, to restrain the city from proceeding under the new constitutional provisions, did not alter the case.

> Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers' Union, Slaughter-House & Live-Stock Landing Co., 7 S.Ct. 472, 120 U.S. 141, 30 L.Ed. 614.

## III. MALICE.

⟨➡**26. Necessity.**

**Library references**

> C.J.S. Malicious Prosecution §§ 4, 40.

**U.S.Tenn. 1860.** Malice alone is insufficient to sustain an action for malicious prosecution because a person actuated by the plainest malice may nevertheless prefer a well-founded accusation and have a justifiable reason for the prosecution of the cause.

> Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

⟨➡**27–28.  See Topic Analysis for scope.**

**Library references**

> C.J.S. Malicious Prosecution.

⟨➡**29. Implied malice in general.**

**Library references**

> C.J.S. Malicious Prosecution §§ 41, 42.

**U.S.Dist.Col. 1845.** Every publication charging or imputing that which rendered party liable to punishment or is calculated to make him infamous, odious, or ridiculous, is prima facie a libel, and implies malice.

> White v. Nicholls, 44 U.S. 266, 3 How. 266, 11 L.Ed. 591.

⟨➡**30–31.  See Topic Analysis for scope.**

**Library references**

> C.J.S. Malicious Prosecution.

⟨➡**32. Inference from want of probable cause.**

**Library references**

> C.J.S. Malicious Prosecution § 43.

**U.S.Ala. 1878.** In action for malicious prosecution, malice is inferable from want of probable cause.

> Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

**U.S.Dist.Col. 1845.** Falsehood and absence of probable cause will amount to proof of malice in proceeding before court, legislative body, or other tribunal or authorities.

> White v. Nicholls, 44 U.S. 266, 3 How. 266, 11 L.Ed. 591.

**U.S.Tenn. 1860.** "Want of probable cause" is evidence of malice but is not the same as "malice" and unless it is shown in malicious prosecution action that both concurred in the prosecution or that the one was combined with the other in making or instigating the charge the plaintiff is not entitled to recover.

> Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

⟨➡**33. Inference from result of prosecution.**

**Library references**

> C.J.S. Malicious Prosecution § 44.

☞34  **MALICIOUS PROSECUTION**

10 S Ct D—126

**For later cases see same Topic and Key Number in Pocket Part**

### IV. TERMINATION OF PROSECUTION.

☞34–36.  *See Topic Analysis for scope.*

**Library references**

C.J.S. Malicious Prosecution.

☞37.  **Scope and effect of determination.**

**Library references**

C.J.S. Malicious Prosecution § 55 et seq.

**U.S.Ky. 1960.** Under Kentucky law, conviction bars suits for malicious prosecution and even for false imprisonment.

Thompson v. City of Louisville, 80 S.Ct. 624, 362 U.S. 199, 4 L.Ed.2d 654, 80 A.L.R.2d 1355.

### V. ACTIONS.

*Research Notes*

See Wright & Miller, Federal Practice and Procedure: Civil.

☞38–39.  *See Topic Analysis for scope.*

**Library references**

C.J.S. Malicious Prosecution.

☞40.  **Defenses.**

**Library references**

C.J.S. Malicious Prosecution §§ 73, 74.

**U.S.Ala. 1869.** The fact that the plaintiff in an action against a judge of the district court of the confederate states and others for malicious prosecution of the plaintiff for treason against the confederate states, on ground that he cooperated with the troops of the United States against the confederate states, may have at one time engaged in the rebellion, would not preclude him from recovery.

Hickman v. Jones, 76 U.S. 197, 9 Wall. 197, 19 L.Ed. 551.

☞41–43.  *See Topic Analysis for scope.*

**Library references**

C.J.S. Malicious Prosecution.

☞44.  **Time to sue and limitations.**

See also LIMITATION OF ACTIONS.

**Library references**

C.J.S. Malicious Prosecution § 71.

☞45–55.  *See Topic Analysis for scope.*

**Library references**

C.J.S. Malicious Prosecution.

☞56.  **Presumptions and burden of proof.**

**Library references**

C.J.S. Malicious Prosecution § 84.

**U.S.Dist.Col. 1912.** Plaintiff suing for damages for malicious prosecution has burden to establish affirmatively want of probable cause for prosecution, and that it was instituted for malice.

Brown v. Selfridge, 32 S.Ct. 444, 224 U.S. 189, 56 L.Ed. 727.

**U.S.Tenn. 1860.** The burden of proof, in an action for a malicious criminal prosecution, is on plaintiff to prove the fact of prosecution, and that defendant was himself the prosecutor or instigated the prosecution, and that the charge was unfounded.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

In an action for malicious prosecution, it is incumbent on the plaintiff to prove the termination of the prosecution in favor of the accused.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

Burden of proof is on plaintiff in malicious prosecution action to make out his case and if plaintiff fails to do so in any of the necessary particulars, the defendant need not offer evidence in his defense.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

In malicious prosecution plaintiff must prove that the charge preferred against him was unfounded, and that it was made without reasonable or probable cause, and that defendant in making or instigating it was actuated by malice.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

To support an action for malicious criminal prosecution, the plaintiff must prove in the first place the fact of prosecution and that the defendant was himself the prosecutor or that he instigated its commencement and that it finally terminated in the plaintiff's acquittal.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

In malicious prosecution action, plaintiff has burden of proving malice and want of probable cause.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

☞57.  **Admissibility of evidence.**

**Library references**

C.J.S. Malicious Prosecution § 85.

☞58.  —— **In general.**

☞58(1).  **In general.**

**U.S.Ala. 1878.** In action for malicious prosecution, evidence of the cost of prosecuting the action was inadmissible.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

10 S Ct D—127

☞58(2).  **Chara.** tiff.

**U.S.Ala. 18** of a plaintiff in cution, is inadr Hickman v. 19 L.Ed.

☞58(3)–64(1).

**Library referen**

C.J.S. Malic

☞64.  **Weight a**

**Library referen**

C.J.S. Malic

☞64(2).  **Probal**

**U.S.Dist.Co** of want of prob search warrant by evidence as cessful search ings, with testi reputation.

Brown v. S 189, 56 L

**U.S.Tenn. 1** able cause may malicious prose Wheeler v. 544, 16 L

☞65–66.  *See*

**Library referen**

C.J.S. Malic

☞65.  **Damages**

**Library referen**

C.J.S. Malic

☞67.  —— **Eler**

**U.S.Ala. 18** prosecution, fee malicious prose able as damage Stewart v. L.Ed. 116

☞68–71.  *See*

**Library referen**

C.J.S. Malic

☞71.  **Question**

**Library referen**

C.J.S. Malic

☞71(1).  **In gen**

**U.S.Ala. 18** of the district c of America, a c publisher of a leged malicious treason agains

# MALICIOUS PROSECUTION ⟨⟩72(3)

### For references to other topics, see Descriptive-Word Index

⟨⟩**58(2). Character and reputation of plaintiff.**

**U.S.Ala. 1869.** Proof of the bad character of a plaintiff in an action for malicious prosecution, is inadmissible for any purpose.

Hickman v. Jones, 76 U.S. 197, 9 Wall. 197, 19 L.Ed. 551.

⟨⟩**58(3)–64(1). See Topic Analysis for scope.**

**Library references**

C.J.S. Malicious Prosecution.

⟨⟩**64. Weight and sufficiency of evidence.**

**Library references**

C.J.S. Malicious Prosecution § 93.

⟨⟩**64(2). Probable cause and malice.**

**U.S.Dist.Col. 1912.** Prima facie showing of want of probable cause for swearing out a search warrant for stolen property is not made by evidence as to the prosecution and unsuccessful search and the dismissal of proceedings, with testimony as to defendant's good reputation.

Brown v. Selfridge, 32 S.Ct. 444, 224 U.S. 189, 56 L.Ed. 727.

**U.S.Tenn. 1860.** Malice and want of probable cause may be proved by circumstances in malicious prosecution action.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

⟨⟩**65–66. See Topic Analysis for scope.**

**Library references**

C.J.S. Malicious Prosecution.

⟨⟩**65. Damages.**

**Library references**

C.J.S. Malicious Prosecution § 108.

⟨⟩**67. —— Elements of compensation.**

**U.S.Ala. 1878.** In action for malicious prosecution, fees of counsel in prosecuting the malicious prosecution action were not recoverable as damages.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

⟨⟩**68–71. See Topic Analysis for scope.**

**Library references**

C.J.S. Malicious Prosecution.

⟨⟩**71. Questions for Jury.**

**Library references**

C.J.S. Malicious Prosecution § 95.

⟨⟩**71(1). In general.**

**U.S.Ala. 1869.** In action against a judge of the district court of the Confederate States of America, a deputy marshal, an editor and publisher of a newspaper, and others for alleged malicious prosecution of the plaintiff for treason against the confederate states, on ground that the plaintiff cooperated with the troups of the United States against the confederate states, whether plaintiff was entitled to a verdict against the deputy marshal and the editor and publisher of the newspaper was for the jury.

Hickman v. Jones, 76 U.S. 197, 9 Wall. 197, 19 L.Ed. 551.

⟨⟩**71(2). Probable cause.**

**U.S.Ala. 1878.** The question as to what amounts to probable cause is one of law in a very important sense. It is therefore generally the duty of the court, where evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what facts it proves, with instructions that the facts found amount to proof of probable cause, or that they do not. A seeming exception to this rule may grow out of the nature of the evidence, as when the defendant's belief of the facts which are relied on by the plaintiff to prove want of probable cause is a question involved. What that belief was is always a question for the jury.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

**U.S.Dist.Col. 1912.** Probable cause is for the court where the facts are admitted or undisputed.

Brown v. Selfridge, 32 S.Ct. 444, 224 U.S. 189, 56 L.Ed. 727.

**U.S.Dist.Col. 1851.** Where facts are admitted or found by jury, court and the jury decides whether there was probable cause for prosecution.

Dinsman v. Wilkes, 53 U.S. 390, 12 How. 390, 13 L.Ed. 1036.

⟨⟩**71(3). Malice.**

**U.S.Tenn. 1860.** Whether the prosecution was or was not commenced from malicious motives is a question of fact, and the jury may determine whether the inference of malice is a reasonable one from the facts assumed in the instruction.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

⟨⟩**71(4)–72(2). See Topic Analysis for scope.**

**Library references**

C.J.S. Malicious Prosecution.

⟨⟩**72. Instructions.**

**Library references**

C.J.S. Malicious Prosecution § 102.

⟨⟩**72(3). Advice of counsel, prosecuting officer, or magistrate.**

**U.S.Ala. 1878.** In an action to recover damages for the alleged wrongful and malicious institution of proceedings in bankruptcy, defendants asked the court to charge that if the jury believed, from the evidence, that the de-

For later cases see same Topic and Key Number in Pocket Part

fendants, in prosecuting an action of debt against plaintiff, had acted on the advice of counsel, and upon such advice had an honest belief in the validity of the debt sued for and of their right to recover it, and in the institution of the bankruptcy proceedings had acted likewise on such advice, and under a belief that they were taking and using only such damages as the law provided for the collection of what they believed to be a bona fide debt, they having first given a full statement of the facts to counsel, then there was not such malice in the wrongful use of legal proceedings by them as would entitle plaintiff to recover. Held, that the instruction should have been given.

Stewart v. Sonneborn, 98 U.S. 187, 25 L.Ed. 116.

⊗72(4). **Malice.**

**U.S.Tenn. 1860.** Where the court told the jury that the want of probable cause afforded a presumption of malice, but that such presumption might be rebutted by other evidence showing that the party acted bona fide and in the honest discharge of what he believed to be his duty, it was not error in the court to add, in the same connection, that if, however, the jury find that the arrest was wanton and reckless, and that no circumstances existed to induce a reasonable and dispassionate man to believe that he was guilty of the charge preferred against him, then the jury ought to infer malice, except that, perhaps, the closing paragraph is put rather strongly in favor of the plaintiff.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

Charge that if jury should find that arrest was wanton and reckless and no circumstances existed to induce reasonable dispassionate man to believe that malicious prosecution plaintiff was guilty of having stolen horses in his possession, jury should infer malice was proper when construed in connection with preceding portion of charge.

Wheeler v. Nesbitt, 65 U.S. 544, 24 How. 544, 16 L.Ed. 765.

⊗72(5)–76.  *See Topic Analysis for scope.*
**Library references**
C.J.S. Malicious Prosecution.

⊗77. **Costs.**
**Library references**
C.J.S. Malicious Prosecution § 111.

**U.S.Kan. 1896.** General St.Kan.1889, c. 82, § 326, providing that, when a prosecution was malicious, prosecutor shall be adjudged to pay costs and committed to jail until they are paid, is not unconstitutional.

Lowe v. State of Kansas, 16 S.Ct. 1031, 163 U.S. 81, 41 L.Ed. 78.

**VI. CRIMINAL RESPONSIBILITY.**

⊗78–79.  *See Topic Analysis for scope.*
**Library references**
C.J.S. Malicious Prosecution.

## For Cross-References or Descriptive Words

### see

## DESCRIPTIVE–WORD INDEX

Writs of m
 inferior
 actions i

Nature and

Grounds of

To and aga

Jurisdiction

Issuance o
 service th

In actions

Review of

Disobedienc

### SUB.

Conflicting

Federal cou

Mandates
 ERROR

Mandatory

Other reme
 ERROR,

For de

I. NATURE

II. SUBJEC

 (A) ACT:
  ⊗

 (B) ACT:
  P.

 (C) ACT:
  ⊗

III. JURISDI

I. NATURE

 ⊗1.
  2.

## Left column (Page 826)

overnmental capac.
spouse, minor child,
n with whom he is
nancial interest (18

nt employment has
n the United States
h the United States
n which he partici-
for the Government

ds Government em-
one other than the
matter in which the
interest and which
ficial responsibility
rnment service (18
nint of course gives
described in para-
tich he participated

3, and 4 for special
e as the correspond-
ees. Paragraph 5 for
st the receipt of an
private source, does
ployees.
iber of exceptions to
two lists.

IFLICT OF INTEREST
) STATES CODE

) of this section in
gress and an officer
s in any branch or
liciting or receiving
it on behalf of an-
tepartment or agen-
natter in which the
rect and substantial
preclude compensa-
of another in court.
write of the repealed
subsections (b) and
ious statutes.

for anyone to offer
ation or receipt of

sation or subsection
is a special Govern-
o, situations. First,
ring services before
t, for compensation.
a specific party or
ted personally and
Government duties.
ctivities in relation
rty or parties, even
the matter person-
ding in his depart-
herein more than 60
iod of a year.
contains two major
officer or employee
h or agency of the
r attorney for pros-
ed States, including
pensation or not. It
gratuity, or a share
assistance in the
section 205 is simi-
I.C. 283, which deals
ited States, but it
—i.e., a bar against
istance in the pros-
against the United

section 205 is con-
scludes an officer or
acting as agent or

## Middle column (Page 827)

attorney for anyone else before a department, agency or court in connection with any particular matter in which the United States is a party or has a direct and substantial interest.

Section 205 provides for the same limited application to a special Government employee as section 203. In short, it precludes him from acting as agent or attorney only (1) in a matter involving a specific party or parties in which he has participated personally and substantially in his governmental capacity, and (2) in a matter involving a specific party or parties which is before his department or agency, if he has served therein more than 60 days in the year past.

Since new sections 203 and 205 extend to activities in the same range of matters, they overlap to a greater extent than did their predecessor sections 281 and 283. The following are the few important differences between sections 203 and 205:

1. Section 203 applies to Members of Congress as well as officers and employees of the Government; section 205 applies only to the latter.

2. Section 203 bars services rendered for compensation solicited or received, but not those rendered without such compensation; section 205 bars both kinds of services.

3. Section 203 bars services rendered before the departments and agencies but not services rendered in court; section 205 bars both.

It will be seen that while section 203 is controlling as to Members of Congress, for all practical purposes section 205 completely overshadows section 203 in respect of officers and employees of the Government.

Section 205 permits a Government officer or employee to represent another person, without compensation, in a disciplinary, loyalty or other personnel matter. Another provision declares that the section does not prevent an officer or employee from giving testimony under oath or making statements required to be made under penalty for perjury or contempt.[5]

Section 205 also authorizes a limited waiver of its restrictions and those of section 203 for the benefit of an officer or employee, including a special Government employee, who represents his own parents, spouse or child, or a person or estate he serves as a fiduciary. The waiver is available to the officer or employee, whether acting for any such person with or without compensation, but only if approved by the official making appointments to his position. And in no event does the waiver extend to his representation of any such person in matters in which he has participated personally and substantially or which, even in the absence of such participation, are the subject of his official responsibility.

Finally, section 205 gives the head of a department or agency the power, notwithstanding any applicable restrictions in its provisions or those of section 203, to allow a special Government employee to represent his regular employer or other outside organization in the performance of work under a Government grant or contract. However, this action is open to the department or agency head only upon his certification, published in the Federal Register, that the national interest requires it.

New 18 U.S.C. 207. Subsections (a) and (b) of this section contain post-employment prohibitions applicable to persons who have ended service as officers or employees of the executive branch the independent agencies or the District of Columbia.[6] The prohibitions for persons who have served as special Government employees are the same as for persons who have performed regular duties.

The restraint of subsection (a) is against a former officer or employee's acting as agent or attorney for anyone other than the United States in connection with certain matters, whether pending in the courts or elsewhere. The matters are those involving a specific party or parties in which the United States is one of the parties or has a direct and substantial interest and in which the former officer or employee participated personally and substantially while holding a Government position.

Subsection (b) sets forth a 1-year postemployment prohibition in respect of those matters which were within the area of official responsibility of a former officer or employee at any time during the last year of his service but which do not come within subsection (a) because he did not participate in them personally and substantially. More particularly, the prohibition of subsection (b) prevents his personal appearance in such matters before a court or a department or agency of the Government as agent or attorney for anyone other than the United States. Where, in the year prior to the end of his service, a former officer or employee has changed areas of responsibility by transferring from one agency to another, the period of his postemployment ineligibility as to matters in a particular area ends 1 year after his responsibility for that area ends. For example, if an individual transfers from a supervisory position in the Internal Revenue Service to a supervisory position in the Post Office Department and leaves that department for private employment 9 months later, he will be free of the restriction of subsection (b) in 3 months insofar as Internal Revenue matters are concerned. He will of course be bound by it for a year in respect of Post Office Department matters.

The proviso following subsections (a) and (b) authorizes an agency head, notwithstanding anything to the contrary in their provisions, to permit a former officer or employee with outstanding scientific qualifications to act as attorney or agent or appear personally before the agency for another in a matter in a scientific field. This authority may be exercised by the agency head upon a "national interest" certification published in the FEDERAL REGISTER.

Subsections (a) and (b) describe the activities they forbid as being in connection with "particular matter[s] involving a specific party or parties" in which the former officer or employee had participated. The quoted language does not include general rulemaking, the formulation of general policy or standards, or other similar matters. Thus, past participation in or official responsibility for a matter of this kind on behalf of the Government does not disqualify a former employee from representing another person in a proceeding which is governed by the rule or other result of such matter.

Subsection (a) bars permanently a greater variety of actions than subsection (b) bars temporarily. The conduct made unlawful by the former is any action as agent or attorney, while that made unlawful by the latter is a personal appearance as agent or attorney. However, neither subsection precludes postemployment activities which may fairly be characterized as no more than aiding or assisting another.[8] An individual who has left an agency to accept private employment may, for example, immediately perform technical work in his company's plant in relation to a contract for which he had official responsibility—or, for that matter, in relation to one he helped the agency negotiate. On the other hand, he is forbidden for a year, in the first case, to appear personally before the agency as the agent or attorney of his company in connection with a dispute over the terms of the contract. And he may at no time appear personally before the agency or otherwise act as agent or attorney for his company in such dispute if he helped negotiate the contract.

Comparing subsection (a) with the antecedent 18 U.S.C. 284 discloses that it follows the latter in limiting disqualification to cases where a former officer or employee actually participated in a matter for the Government. However, subsection (a) covers all matters in which the United States is a party or has a direct and substantial interest and not merely the "claims against the United States" covered by 18 U.S.C. 284. Subsection (a) also goes further than the latter in imposing a lifetime instead of a 2-year bar. Subsection (b) has no parallel in 18 U.S.C. 284 or any other provision of the former conflict of interest statutes.

It will be seen that subsections (a) and (b) in combination are less restrictive in some respects, and more

restrictive in others, than the combination of the prior 18 U.S.C. 284 and 5 U.S.C. 99. Thus, former officers or employees who were outside the Government when the Act came into force on January 21, 1963, will in certain situations be enabled to carry on activities before the Government which were previously barred. For example, the repeal of 5 U.S.C. 99 permits an attorney who left an executive department for private practice a year before to take certain cases against the Government immediately which would be subject to the bar of 5 U.S.C. 99 for another year. On the other hand, former officers or employees became precluded on and after January 21, 1963 from engaging or continuing to engage in certain activities which were permissible until that date. This result follows from the replacement of the 2-year bar of 18 U.S.C. 284 with a lifetime bar of subsection (a) in comparable situations, from the increase in the variety of matters covered by subsection (a) as compared with 18 U.S.C. 284 and from the introduction of the 1-year bar of subsection (b).

Subsection (c) of section 207 pertains to an individual outside the Government who is in a business or professional partnership with someone serving in the executive branch, an independent agency or the District of Columbia. The subsection prevents such individual from acting as attorney or agent for anyone other than the United States in any matter, including those in court, in which his partner in the Government is participating or has participated or which are the subject of his partner's official responsibility. Although included in a section dealing largely with post-employment activities, this provision is not directed to the postemployment situation.

The paragraph at the end of section 207 also pertains to individuals in a partnership but sets forth no prohibition. This paragraph, which is of importance mainly to lawyers in private practice, rules out the possibility that an individual will be deemed subject to section 203, 205, 207(a) or 207(b) solely because he has a partner who serves or has served in the Government either as a regular or a special Government employee.

New 18 U.S.C. 208. This section forbids certain actions by an officer or employee of the Government in his role as a servant or representative of the Government. Its thrust is therefore to be distinguished from that of sections 203 and 205 which forbid certain actions in his capacity as a representative of persons outside the Government.

Subsection (a) in substance requires an officer or employee of the executive branch, an independent agency or the District of Columbia, including a special Government employee, to refrain from participating as such in any matter in which, to his knowledge, he, his spouse, minor child or partner has a financial interest. He must also remove himself from a matter in which a business or nonprofit organization with which he is connected or is seeking employment has a financial interest.

Subsection (b) permits the agency of an officer or employee to grant him an ad hoc exemption from subsection (a) if the outside financial interest in a matter is deemed not substantial enough to have an effect on the integrity of his services. Financial interests of this kind may also be made nondisqualifying by a general regulation published in the FEDERAL REGISTER.

Section 208 is similar in purpose to the former 18 U.S.C. 434 but prohibits a greater variety of conduct than the "transaction of business with * * * [a] business entity" to which the prohibition of section 434 was limited. In addition, the provision in section 208 including the interests of a spouse and others is new, as is the provision authorizing exemptions for insignificant interest.

New 18 U.S.C. 209. Subsection (a) prevents an officer or employee of the executive branch, an independent agency or the District of Columbia from receiving, and anyone from paying him, any salary or supplementation of salary from a private source as compensation for his services to the Government. This provision uses much of the language of the former 18 U.S.C. 1914 and does not vary from that statute in substance. The remainder of section 209 is new.

Subsection (b) specifically authorizes an officer or employee covered by subsection (a) to continue his participation in a bona fide pension plan or other employee welfare or benefit plan maintained by a former employer.

Subsection (c) provides that section 209 does not apply to a special Government employee or to anyone serving the Government without compensation whether or not he is a special Government employee.

Subsection (d) provides that the section does not prohibit the payment or acceptance of contributions, awards or other expenses under the terms of the Government Employees Training Act. (72 Stat. 327, 5 U.S.C. 2301-2319).

## STATUTORY EXEMPTIONS FROM CONFLICT OF INTEREST LAWS

Congress has in the past enacted statutes exempting persons in certain positions—usually advisory in nature—from the provisions of some or all of the former conflict of interest laws. Section 2 of the Act grants corresponding exemptions from the new laws with respect to legislative and judicial positions carrying such past exemptions. However, section 2 excludes positions in the executive branch, an independent agency and the District of Columbia from this grant. As a consequence, all statutory exemptions for persons serving in these sectors of the Government ended on January 21, 1963.

### RETIRED OFFICERS OF THE ARMED FORCES

Public Law 87-849 enacted a new 18 U.S.C. 206 which provides in general that the new sections 203 and 205, replacing 18 U.S.C. 281 and 283, do not apply to retired officers of the armed forces and other uniformed services. However, 18 U.S.C. 281 and 283 contain special restrictions applicable to retired officers of the armed forces which are left in force by the partial repealer of those statutes set forth in section 2 of the Act.

The former 18 U.S.C. 284, which contained a 2-year disqualification against postemployment activities in connection with claims against the United States, applied by its terms to persons who had served as commissioned officers and whose active service had ceased either by reason of retirement or complete separation. Its replacement, the broader 18 U.S.C. 207, also applies to persons in those circumstances. Section 207, therefore applies to retired officers of the armed forces and overlaps the continuing provisions of 18 U.S.C. 281 and 283 applicable to such officers although to a different extent than did 18 U.S.C. 284.

### VOIDING TRANSACTIONS IN VIOLATION OF THE CONFLICT OF INTEREST OR BRIBERY LAWS

Public Law 87-849 enacted a new section, 18 U.S.C. 218, which did not supplant a pre-existing section of the criminal code. However, it was modeled on the last sentence of the former 18 U.S.C. 216 authorizing the President to declare a Government contract void which was entered into in violation of that section. It will be recalled that section 216 was one of the two statutes repealed without replacement.

The new 18 U.S.C. 218 grants the President and, under Presidential regulations, an agency head the power to void and rescind any transaction or matter in relation to which there has been a "final conviction" for a violation of the conflict of interest or bribery laws. The section also authorizes the Government's recovery. In addition to any penalty prescribed by law or in a contract, of the amount expended or thing transferred on behalf of the Government.

Section 218 specifically provides that the powers it grants are "in addition to any other remedies provided by law." Accordingly, it would not seem to override the decision in United States v. Mississippi Valley Generating Co., 364 U.S. 520 (1961), a case in which there was no "final conviction."

### BIBLIOGRAPHY

Set forth below are the citations to the legislative history of Public Law 87-849 and a list of recent mate-

rial which is pertine ... report of the A ... New York in partic ... sive bibliography o ... conflict of interest ... tion of the Bar of th

LEGISLATIVE HIST

1. Hearings of Jun Subcommittee (Sub ciary Committee, 87 Conflict of Interest L
2. H. Rept. 748, 87t
3. 107 Cong. Rec. 1
4. Hearing of June ary Committee, 87th terest.
5. S. Rept. 2213, 87t
6. 108 Cong. Rec. 2 and 4, 1962).

1. President's spe 1961, and attached d
2. President's Men heads of executive Preventing Conflicts Consultants to the Go
3. 42 Op. A.G. No. 6
4. Memorandum o ney General from t flict of interest stat Subcommittee (Sub ary Committee, 86th
5. Staff report committee No. 5) o Cong., 2d sess., Fe (Comm. Print 1958).
6. Report of the A New York, Conflict vard Univ. Press 196

1 Section 190 of t which was repealed applied to a former ment who had serv branch. It prohibit after his employme anyone in the prose States which was p tive department du subject of post-em ernment officers an another statute whi lic Law 87-849 cove acted as the new 18 18 U.S.C. 216, wh Public Law 87-849, ance by a Member of the Government off ing or procuring a fense is within the 201 and 18 U.S.C. 2 of interest, respect essary.

2 See section 2 of 18 U.S.C. 283 were 2 but remain in eff retired officers of t cers of the Armed F

3 S. Rept. 2213, 87t
The term "offic new 18 U.S.C. 202( or operating autho and either exercise personally or thro approve, or otherw

*orizes an officer or
to continue his par-
plan or other em-
tained by a former

*tion 209 does not
loyee or to anyone
pensation whether
loyee.
*ction does not pro-
of contributions,
terms of the Gov-
2 Stat. 327, 5 U.S.C.

FLICT OF INTEREST

statutes exempting
ly advisory in na-
r all of the former
of the Act grants
new laws with re-
tions carrying such
excludes positions
ent agency and the
As a consequence,
is serving in these
January 21, 1963.

MED FORCES

8 U.S.C. 206 which
ctions 203 and 205,
o apply to retired
er uniformed serv-
contain special re-
cers of the armed
partial repealer of
f the Act.
ontained a 2-year
ent activities in
United States, ap-
ad served are ceased
mplete separation:
207, also applies
ection 207, there-
armed forces and
18 U.S.C. 281 and
gh to a different

OF THE CONFLICT
LAWS

ection, 18 U.S.C.
ing section of the
d on the last sen-
orizing the Presi-
t void which was
on. It will be re-
two statutes re-

sident and, under
ad the power to
atier in relation
ction" for a vio-
hery laws. The
t's recovery, in
law or in a con-
g transferred on

t the powers it
medies provided
to override the
alley Generating
h there was no

the legislative
of recent mate-

rial which is pertinent to a study of the act. The listed
1960 report of the Association of the Bar of the City of
New York is particularly valuable. For a comprehen-
sive bibliography of earlier material relating to the
conflict of interest laws, see 13 Record of the Associa-
tion of the Bar of the City of New York 323 (May 1958).

LEGISLATIVE HISTORY OF PUBLIC LAW 87-849 (H.R.
8140, 87TH CONG.)

1. Hearings on June 1 and 2, 1961, before the Antitrust
Subcommittee (Subcommittee No. 5) of the House Judi-
ciary Committee, 87th Cong., 1st sess., ser. 3, on Federal
Conflict of Interest Legislation.
2. H. Rept. 748, 87th Cong.. 1st sess.
3. 107 Cong., Rec. 11774.
4. Hearing of June 21, 1962, before the Senate Judici-
ary Committee, 87th Cong., 2d sess., on Conflicts of In-
terest.
5. S. Rept. 2213, 87th Cong., 2d sess.
6. 108 Cong. Rec. 20805 and 21130 (daily ed., October 3
and 4, 1962).

OTHER MATERIAL

1. President's special message to Congress, April 27,
1961, and attached draft bill, 107 Cong. Rec. 6835.
2. President's Memorandum of February 9, 1962, to the
heads of executive departments and agencies entitled
Preventing Conflicts of Interest on the Part of Advisers and
Consultants to the Government, 27 F.R. 1341.
3. 42 Op. A.G. No. 6, January 31, 1962.
4. Memorandum of December 10, 1956, for the Attor-
ney General from the Office of Legal Counsel re con-
flict of interest statutes, Hearings before the Antitrust
Subcommittee (Subcommittee No. 5) of House Judici-
ary Committee, 86th Cong., 2d sess., ser. 17, pt. 2, p. 619.
5. Staff Report of Antitrust Subcommittee (Sub-
committee No. 5) of House Judiciary Committee, 85th
Cong., 2d sess., Federal Conflict of Interest Legislation
(Comm. Print 1958).
6. Report of the Association of the Bar of the City of
New York, Conflict of Interest and Federal Service (Har-
vard Univ. Press 1960).

FOOTNOTES

[1] Section 190 of the Revised Statutes (5 U.S.C. 99),
which was repealed by section 3 of Public Law 87-849,
applied to a former officer or employee of the Govern-
ment who had served in a department of the executive
branch. It prohibited him, for a period of two years
after his employment had ceased, from representing
anyone in the prosecution of a claim against the United
States which was pending in that or any other execu-
tive department during his period of employment. The
subject of post-employment activities of former Gov-
ernment officers and employees was also dealt with in
another statute which was repealed, 18 U.S.C. 284. Pub-
lic Law 87-849 covers the subject in a single section en-
acted as the new 18 U.S.C. 207.
[2] 18 U.S.C. 216, which was repealed by section 1(c) of
Public Law 87-849, prohibited the payment to or accept-
ance by a Member of Congress or officer or employee of
the Government of any money or thing of value for giv-
ing or procuring a Government contract. Since this of-
fense is within the scope of the newly enacted 18 U.S.C.
201 and 18 U.S.C. 203, relating to bribery and conflicts
of interest, respectively, section 216 is no longer nec-
essary.
[3] See section 2 of Public Law 87-849, 18 U.S.C. 281 and
18 U.S.C. 283 were not completely set aside by section
2 but remain in effect to the extent that they apply to
retired officers of the Armed Forces (see "Retired Offi-
cers of the Armed Forces," infra).
[4] H. Rept. 2213, 87th Cong., 2d sess., p. 6.
[5] The term "official responsibility" is defined by the
new 18 U.S.C. 202(b) to mean "the direct administrative
or operating authority, whether intermediate or final,
and either exercisable alone or with others, and either
personally or through subordinates, to approve, dis-
approve, or otherwise direct Government action."

[6] These two provisions of section 205 refer to an "offi-
cer or employee" and not, as do certain of the other
provisions of the Act, to an "officer or employee, in-
cluding a special Government employee." However, it
is plain from the definition in section 202(a) that a spe-
cial Government employee is embraced within the com-
prehensive term "officer or employee." There would
seem to be little doubt, therefore, that the instant pro-
visions of section 205 apply to special Government em-
ployees even in the absence of an explicit reference to
them.
[6] The prohibitions of the two subsections apply to per-
sons ending service in these areas whether they leave
the Government entirely or move to the legislative or
judicial branch. As a practical matter, however, the
prohibitions would rarely be significant in the latter
situation because officers and employees of the legisla-
tive and judicial branches are covered by sections 203
and 205.
[7] Neither section 203 nor section 205 prevents a special
Government employee, during his period of affiliation
with the Government, from representing another per-
son before the Government in a particular matter only
because it is within his official responsibility. There-
fore the inclusion of a former special Government em-
ployee within the 1-year postemployment ban of sub-
section (b) may subject him to a temporary restraint
from which he was free prior to the end of his Govern-
ment service. However, since special Government em-
ployees usually do not have "official responsibility," as
that term is defined in section 202(b), their inclusion
within the 1-year ban will not have a widespread effect.
[8] Subsection (a), as it first appeared in H.R. 8140, the
bill which became Public Law 87-849, made it unlawful
for a former officer or employee to act as agent or at-
torney for, or aid or assist, anyone in a matter in which
he had participated. The House Judiciary Committee
struck the underlined words, and the bill became law
without them. It should be noted also that the repealed
provisions of 18 U.S.C. 283 made the distinction between
one's acting as agent or attorney for another and his
aiding or assisting another.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 11, 1901, 2516 of
this title; title 5 section 3113; title 7 section 84; title 12
sections 1441a, 1822, 2245; title 15 section 4805; title 43
section 1475a.

§ 202. Definitions

(a) For the purpose of sections 203, 205, 207, 208,
and 209 of this title the term "special Govern-
ment employee" shall mean an officer or em-
ployee of the executive or legislative branch of
the United States Government, of any independ-
ent agency of the United States or of the Dis-
trict of Columbia, who is retained, designated,
appointed, or employed to perform, with or
without compensation, for not to exceed one
hundred and thirty days during any period of
three hundred and sixty-five consecutive days,
temporary duties either on a full-time or inter-
mittent basis, a part-time United States com-
missioner, a part-time United States magistrate
judge, or, regardless of the number of days of ap-
pointment, an independent counsel appointed
under chapter 40 of title 28 and any person ap-
pointed by that independent counsel under sec-
tion 594(c) of title 28. Notwithstanding the next
preceding sentence, every person serving as a
part-time local representative of a Member of
Congress in the Member's home district or State
shall be classified as a special Government em-
ployee. Notwithstanding section 29(c) and (d)[1] of

[1] See References in Text note below.

the Act of August 10, 1956 (70A Stat. 632; 5 U.S.C. 30r(c) and (d)), a Reserve officer of the Armed Forces, or an officer of the National Guard of the United States, unless otherwise an officer or employee of the United States, shall be classified as a special Government employee while on active duty solely for training. A Reserve officer of the Armed Forces or an officer of the National Guard of the United States who is voluntarily serving a period of extended active duty in excess of one hundred and thirty days shall be classified as an officer of the United States within the meaning of section 203 and sections 205 through 209 and 218. A Reserve officer of the Armed Forces or an officer of the National Guard of the United States who is serving involuntarily shall be classified as a special Government employee. The terms "officer or employee" and "special Government employee" as used in sections 203, 205, 207 through 209, and 218, shall not include enlisted members of the Armed Forces.

(b) For the purposes of sections 205 and 207 of this title, the term "official responsibility" means the direct administrative or operating authority, whether intermediate or final, and either exercisable alone or with others, and either personally or through subordinates, to approve, disapprove, or otherwise direct Government action.

(c) Except as otherwise provided in such sections, the terms "officer" and "employee" in sections 203, 205, 207 through 209, and 218 of this title shall not include the President, the Vice President, a Member of Congress, or a Federal judge.

(d) The term "Member of Congress" in sections 204 and 207 means—

(1) a United States Senator; and

(2) a Representative in, or a Delegate or Resident Commissioner to, the House of Representatives.

(e) As used in this chapter, the term—

(1) "executive branch" includes each executive agency as defined in title 5, and any other entity or administrative unit in the executive branch;

(2) "judicial branch" means the Supreme Court of the United States; the United States courts of appeals; the United States district courts; the Court of International Trade; the United States bankruptcy courts; any court created pursuant to article I of the United States Constitution, including the Court of Appeals for the Armed Forces, the United States Court of Federal Claims, and the United States Tax Court, but not including a court of a territory or possession of the United States; the Federal Judicial Center; and any other agency, office, or entity in the judicial branch; and

(3) "legislative branch" means—

(A) the Congress; and

(B) the Office of the Architect of the Capitol, the United States Botanic Garden, the General Accounting Office, the Government Printing Office, the Library of Congress, the Office of Technology Assessment, the Congressional Budget Office, the United States Capitol Police, and any other agency, entity, office, or commission established in the legislative branch.

(Added Pub. L. 87–849, §1(a), Oct. 23, 1962, 76 Stat. 1121; amended Pub. L. 90–578, title III, §301(b), Oct. 17, 1968, 82 Stat. 1115; Pub. L. 100–191, §3(a), Dec. 15, 1987, 101 Stat. 1306; Pub. L. 101–194, title IV, §401, Nov. 30, 1989, 103 Stat. 1747; Pub. L. 101–280, §5(a), May 4, 1990, 104 Stat. 158; Pub. L. 101–650, title III, §321, Dec. 1, 1990, 104 Stat. 5117; Pub. L. 102–572, title IX, §902(b)(1), Oct. 29, 1992, 106 Stat. 4516; Pub. L. 103–337, div. A, title IX, §924(d)(1)(B), Oct. 5, 1994, 108 Stat. 2832.)

### REFERENCES IN TEXT

Section 29(c) and (d) of the Act of August 10, 1956 (70A Stat. 632; 5 U.S.C. 30r(c) and (d)), referred to in subsec. (a), was repealed and the provisions thereof were reenacted as sections 502, 2105(d), and 5534, of Title 5, Government Organization and Employees, by Pub. L. 89–554, Sept. 6, 1966, 80 Stat. 378.

### PRIOR PROVISIONS

A prior section 202, act June 25, 1948, ch. 645, 62 Stat. 691, prescribed penalties for any officer or other person who accepted or solicited anything of value to influence his decision, prior to the general amendment of this chapter by Pub. L. 87–849, and is substantially covered by revised section 201.

### AMENDMENTS

1994—Subsec. (e)(2). Pub. L. 103–337 substituted "Court of Appeals for the Armed Forces" for "Court of Military Appeals".

1992—Subsec. (e)(2). Pub. L. 102–572 substituted "United States Court of Federal Claims" for "United States Claims Court".

1990—Subsec. (c). Pub. L. 101–280, §5(a)(1), amended subsec. (c) generally. Prior to amendment, subsec. (c) read as follows: "Except as otherwise provided in such sections, the terms 'officer' and 'employee' in sections 203, 205, 207, 208, and 209 of this title, mean those individuals defined in sections 2104 and 2105 of title 5. The terms 'officer' and 'employee' shall not include the President, the Vice President, a Member of Congress, or a Federal judge."

Subsec. (d). Pub. L. 101–280, §5(a)(2), substituted "means" for "shall include".

Subsec. (e)(1). Pub. L. 101–280, §5(a)(3)(1), substituted "includes each" for "means any".

Subsec. (e)(3)(A). Pub. L. 101–280, §5(a)(3)(2)(A), amended subpar. (A) generally. Prior to amendment, subpar. (A) read as follows: "a Member of Congress, or any officer or employee of the United States Senate or United States House of Representatives; and".

Subsec. (e)(3)(B). Pub. L. 101–280, §5(a)(3)(2)(B), substituted "the Office" for "an officer or employee".

1989—Subsecs. (c) to (e). Pub. L. 101–194 added subsecs. (c) to (e).

1987—Subsec. (a). Pub. L. 100–191 expanded definition of "special Government employee" to include an independent counsel appointed under chapter 40 of title 28 and any person appointed by that independent counsel under section 594(c) of title 28, regardless of the number of days of appointment.

1968—Subsec. (a). Pub. L. 90–578 substituted "a part-time United States commissioner, or a part-time United States magistrate" for "or a part-time United States Commissioner".

### CHANGE OF NAME

"United States magistrate judge" substituted for "United States magistrate" in subsec. (a) pursuant to section 321 of Pub. L. 101–650, set out as a note under section 631 of Title 28, Judiciary and Judicial Procedure.

### EFFECTIVE DATE OF 1992 AMENDMENT

Amendment by Pub. L. 102–572 effective Oct. 29, 1992, see section 911 of Pub. L. 102–572, set out as a note

under section 17 Procedure.

EFFECTI

Amendment by and applicable under 28 U.S.C. 5 as to proceedings of Pub. L. 100–191 Title 28, Judicial

EFFECTI

Amendment by except when a la is the earlier of ment by appoint States magistrat takes place or th L. 90–578, see sec note under sectio cial Procedure.

Section effectiv tion 4 of Pub. L. 201 of this title.

SECTION R

This section is title 5 section 568 section 2245; titl tions 3507, 3508; t tions 594, 995; titl

### § 203. Compensa ficers, and Government

(a) Whoever, law for the pro directly or indir

(1) demand agrees to rec for any repre attorney or o dered either p

(A) at a t ber of Cong Delegate, D sioner; or b

(B) at a t cer or emp United Stat or judicial l any agency

in relation to quest for a ru tract, claim, arrest, or othe United States substantial in agency, court civil, military

(2) knowing compensation services rende when the pers given, promis Member, Mem Elect, Comm Federal judge, shall be sub section 216 of

(b) Whoever, law for the pro directly or indir

19. § 1(a), Oct. 23, 1962, 76 Stat.
. L. 90-578, title III, § 301(b),
t. 1115; Pub. L. 100-191, § 3(a),
at. 1306; Pub. L. 101-194, title
1989, 103 Stat. 1747; Pub. L.
4, 1990, 104 Stat. 158; Pub. L.
21, Dec. 1, 1990, 104 Stat. 5117;
le IX, § 902(b)(1), Oct. 29, 1992,
. L. 103-337, div. A, title IX,
5, 1994, 108 Stat. 2832.)

**ERENCES IN TEXT**

l) of the Act of August 10, 1956 (70A
r(c) and (d)), referred to in subsec
l the provisions thereof were reen
2105(d), and 5534, of Title 5, Gov
on and Employees. by Pub. L
90 Stat. 278.

**RIOR PROVISIONS**

2, act June 25, 1948, ch. 645, 62 Stat
ities for any officer or other persu
licited anything of value to influ
prior to the general amendment
. L. 87-849, and is substantially co
ion 201.

**AMENDMENTS**

12). Pub. L. 103-337 substitute
for the Armed Forces" for "Court

12). Pub. L. 102-572 substitut
urt of Federal Claims" for "Unit
t".

Pub. L. 101-280, § 5(a)(1), amend
ly. Prior to amendment, subsec. t
Except as otherwise provided in su
s "officer" and "employee" in sectio
nd 209 of this title, mean those in
sections 2104 and 2105 of title 5. T
d "employee" shall not include t
e President, a Member of Congress.

ub. L. 101-280, § 5(a)(2), substitut
ll include".
ub. L. 101-280, § 5(a)(3)(1), substitut
or "means any".

A). Pub. L. 101-280, § 5(a)(3)(2)(
(A) generally. Prior to amendme
as follows: "a Member of Congress.
iployee of the United States Senate
use of Representatives; and".
3). Pub. L. 101-280, § 5(a)(3)(2)(B). s
ice" for "an officer or employee".
(c) to (e). Pub. L. 101-194 added subse

a). Pub. L. 100-191 expanded definiti
ernment employee" to include an in
appointed under chapter 40 of title
appointed by that independent cous
4(c) of title 28, regardless of the nur
ntment.
(a). Pub. L. 90-578 substituted "a p
states commissioner. or a part-ti
nagistrate" for "or a part-time Uni
tioner".

**CHANGE OF NAME**

ee magistrate judge" substituted
magistrate" in subsec. (a) pursuar
Pub. L. 101-650, set out as a note u
Title 28, Judiciary and Judicial Pr

**TIVE DATE OF 1992 AMENDMENT**

by Pub. L. 102-572 effective Oct. 29
1 of Pub. L. 102-572, set out as a

under section 171 of Title 28, Judiciary and Judicial
Procedure.

EFFECTIVE DATE OF 1987 AMENDMENT

Amendment by Pub. L. 100-191 effective Dec. 15, 1987,
and applicable to independent counsel proceedings
under 28 U.S.C. 591 et seq. pending on that date as well
as to proceedings on and after that date. see section 6
of Pub. L. 100-191, set out as a note under section 591 of
Title 28, Judiciary and Judicial Procedure.

EFFECTIVE DATE OF 1968 AMENDMENT

Amendment by Pub. L. 90-578 effective Oct. 17, 1968,
except when a later effective date is applicable, which
is the earlier of date when implementation of amend-
ment by appointment of magistrates [now United
States magistrate judges] and assumption of office
takes place or third anniversary of enactment of Pub.
L. 90-578, see section 403 of Pub. L. 90-578, set out as a
note under section 631 of Title 28, Judiciary and Judi-
cial Procedure.

EFFECTIVE DATE

Section effective 90 days after Oct. 23, 1962, see sec-
tion 4 of Pub. L. 87-849, set out as a note under section
201 of this title.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 14 of this title;
title 5 section 568; title 7 sections 2009aa-1, 5903; title 12
section 3245; title 15 sections 3710d, 4805; title 22 sec-
tions 3507, 3508; title 26 sections 1043, 4946; title 28 sec-
tions 594, 995; title 35 section 5; title 40 App. section 108.

**§ 203. Compensation to Members of Congress, of-
ficers, and others in matters affecting the
Government**

(a) Whoever, otherwise than as provided by
law for the proper discharge of official duties,
directly or indirectly—

(1) demands, seeks, receives, accepts, or
agrees to receive or accept any compensation
for any representational services, as agent or
attorney or otherwise, rendered or to be ren-
dered either personally or by another—

(A) at a time when such person is a Mem-
ber of Congress, Member of Congress Elect,
Delegate, Delegate Elect, Resident Commis-
sioner, or Resident Commissioner Elect; or

(B) at a time when such person is an offi-
cer or employee or Federal judge of the
United States in the executive, legislative,
or judicial branch of the Government, or in
any agency of the United States,

in relation to any proceeding, application, re-
quest for a ruling or other determination, con-
tract, claim, controversy, charge, accusation,
arrest, or other particular matter in which the
United States is a party or has a direct and
substantial interest, before any department,
agency, court, court-martial, officer, or any
civil, military, or naval commission; or

(2) knowingly gives, promises, or offers any
compensation for any such representational
services rendered or to be rendered at a time
when the person to whom the compensation is
given, promised, or offered, is or was such a
Member, Member Elect, Delegate, Delegate
Elect, Commissioner, Commissioner Elect,
Federal judge, officer, or employee;

shall be subject to the penalties set forth in
section 216 of this title.

(b) Whoever, otherwise than as provided by
law for the proper discharge of official duties,
directly or indirectly—

(1) demands, seeks, receives, accepts, or
agrees to receive or accept any compensation
for any representational services, as agent or
attorney or otherwise. rendered or to be ren-
dered either personally or by another, at a
time when such person is an officer or em-
ployee of the District of Columbia, in relation
to any proceeding, application, request for a
ruling or other determination, contract,
claim, controversy, charge, accusation, arrest,
or other particular matter in which the Dis-
trict of Columbia is a party or has a direct and
substantial interest, before any department,
agency, court, officer, or commission; or

(2) knowingly gives, promises, or offers any
compensation for any such representational
services rendered or to be rendered at a time
when the person to whom the compensation is
given, promised, or offered, is or was an officer
or employee of the District of Columbia;

shall be subject to the penalties set forth in sec-
tion 216 of this title.

(c) A special Government employee shall be
subject to subsections (a) and (b) only in rela-
tion to a particular matter involving a specific
party or parties—

(1) in which such employee has at any time
participated personally and substantially as a
Government employee or as a special Govern-
ment employee through decision, approval,
disapproval, recommendation, the rendering of
advice, investigation or otherwise; or

(2) which is pending in the department or
agency of the Government in which such em-
ployee is serving except that paragraph (2) of
this subsection shall not apply in the case of
a special Government employee who has
served in such department or agency no more
than sixty days during the immediately pre-
ceding period of three hundred and sixty-five
consecutive days.

(d) Nothing in this section prevents an officer
or employee, including a special Government
employee, from acting, with or without com-
pensation, as agent or attorney for or otherwise
representing his parents, spouse, child, or any
person for whom, or for any estate for which, he
is serving as guardian, executor, administrator,
trustee, or other personal fiduciary except—

(1) in those matters in which he has partici-
pated personally and substantially as a Gov-
ernment employee or as a special Government
employee through decision, approval, dis-
approval, recommendation, the rendering of
advice, investigation, or otherwise; or

(2) in those matters that are the subject of
his official responsibility,

subject to approval by the Government official
responsible for appointment to his position.

(e) Nothing in this section prevents a special
Government employee from acting as agent or
attorney for another person in the performance
of work under a grant by, or a contract with or
for the benefit of, the United States if the head
of the department or agency concerned with the
grant or contract certifies in writing that the
national interest so requires and publishes such
certification in the Federal Register.

(f) Nothing in this section prevents an individ-
ual from giving testimony under oath or from

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Alvin Hennington JR.
5170 Clairmont mesa Blvd Unit 4
San Diego, Ca. 92117

TELEPHONE NO. (858) 495-0695    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Inproper

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, Ca. 92101
BRANCH NAME: Central - Hall of Justice

PLAINTIFF/PETITIONER: Alvin Hennington JR.

DEFENDANT/RESPONDENT: Federal Bureau of Investigation

MAY 30 '08 PM 4:34

| REQUEST FOR (Application) | ☑ Entry of Default | ☑ Clerk's Judgment | CASE NUMBER: 37-2008- |
|---|---|---|---|
| | ☐ Court Judgment | | 00079157-CU-DF- |

-CTL
08CV1033-BTM-AJB

1. **TO THE CLERK:** On the complaint or cross-complaint filed
   a. on (date): March 3, 2008
   b. by (name): Alvin Hennington JR.
   c. ☑ Enter default of defendant (names):
      Federal Bureau of Investigation

   d. ☑ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
   e. ☑ Enter clerk's judgment    MAY 30 '08 PM 4:34
      (1) ☑ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☑ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) ☐ for default previously entered on (date):

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint | $600,000,000.00 | $ 0 | $600,000,000.00 |
| b. Statement of damages * | Six Hundred Million dollars | | |
| (1) Special | $ 0 | $ 0 | $ 0 |
| (2) General | $ 0 | $ 0 | $ 0 |
| c. Interest | $ 0 | $ 0 | $ 0 |
| d. Costs (see reverse) | $ Fee waiver 0 | $ 0 | $ 0 |
| e. Attorney fees | $ 0 | $ 0 | $ 0 |
| f. TOTALS | $600,000,000.00 | $ 0 | $600,000,000.00 Six Hundred Million Dol |

   g. **Daily damages** were demanded in complaint at the rate of: $     per day beginning (date): Six Hundred Million Dol 11/01
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: May 30, 2008                              May 30, 2008

Alvin Hennington JR.    ►    Alvin Hennington JR.
(TYPE OR PRINT NAME)              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) ☐ | Default entered as requested on (date): |
|---|---|---|
| | (2) ☐ | Default NOT entered as requested (state reason): |

Clerk, by _____, Deputy

Page 1 of 2

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

| PLAINTIFF/PETITIONER: | _Alvin Hennington JR._ | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | _Federal Bureau of Investigation_ | 37-2008-00079157- CU-DF-CTL |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☑ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:                         c. Telephone no.:
   b. Street address, city, and zip code:         d. County of registration:
                                          e. Registration no.:
                                        f. Expires on *(date):*

5. ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☑ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*
   b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
     (1) Mailed on *(date):*          (2) To *(specify names and addresses shown on the envelopes):*
     _May 30, 2008_        _~~9797 Aero all~~ Federal Bureau of Investigation 9797 Aero Drive San Diego, Ca. 92123-1899_

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date:
_Alvin Hennington JR._        ▶ _Alvin Hennington Jr._
(TYPE OR PRINT NAME)             (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees  _Fee waiver_   $ _0_
   b. Process server's fees         $ _0_             MAY 30 '08 PM 4:35
   c. Other *(specify):*            $ _0_       _six Hundred_
   d. _Demand of complaint_  $_600,000,000.00_ _million dollars_
   e. TOTAL                  $_600,000,000.00_
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: _May 30, 2008_         _May 30, 2008_
_Alvin Hennington JR._        ▶ _Alvin Hennington Jr._
(TYPE OR PRINT NAME)             (SIGNATURE OF DECLARANT)

8. ☑ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: _May 30, 2008_
_Alvin Hennington JR._        ▶ _Alvin Hennington Jr._
(TYPE OR PRINT NAME)             (SIGNATURE OF DECLARANT)

Conflict
of
Interest:

1  Malicious Prosecution: Tort claims act, exception,
2  Claim arising 28 §2680 Malisious Mischief Generally
3                      28 §528
4  18 §1361 et seq. Conspiracy 18 §§1362, 1363 § 3050
5  Civil Right conspiracy 42 §1985 et seq Definition
6  18 §248: Bank Fraud, Continuing Financial crimes,
7  Enterprise 18 §225 Agents and Agencies, officers and
8  Employees of Government 18 §§205, 216 Bribery and
9  corruption 18 §201 Federal Agencies 44 §3549
10  Judges of Justices Disqualification 28 §455
11  Definitions 18 §§202, 207 United states citizens
12  Loyalty 22 §2871 nt, Eon 10422 - Information 15 §1330b
13  19 §126 et. Seq customs Duties Generally
14  Definitions 19 §1401 Investigations 19 §1677m
15  Johnson Act Debt Default act [Debt Default Act]
16  April 13, 1934, ch112, 48 stat. 574 [See 18 §955] July 31, 1945 ch.
17  339, §9, 59 stat. 516 [  Add.  ] [31 § 804b] 42  Add.
18  Recovery 18 §218 Legal services 42 §2996b
19  Acounting and oversight board 15 §§78J-1721 et seq
20  42 §264 United states court of Appeals for the
21  Federal circuit 18 §§204, 216
22  Also to Answer the claim and or
23  Rumor About H.I.V. I had myself tested
24  at the V.A. San Diego Healthcare system
25  twice in 2007 to be safe, I have not
26  had Sex volentary in seven months, exept
27  when I was Raped Jan. 29-08 Approximate Date

Religion, International Religious Freedom
Commission 22 §6435a, Condominiums, 15 §3608 et seq,
whistleblowing, 5 §2303nT, PM, Disclosure 18 §2707
Misconduct, 5 APP.3 §8E Fraud 18 §155
Interest of in pending suites, Attending to, 28 §517
undercover operations 28 §533
Damages 28 §2675, Electronic surveillance,
Torts 28 §2672, 2678                50 §1810
State Department, Special agents, firearms, 22 §2709
Special Investigator, 8 §1551nT, 6 §252

**U.S. Postal Service** ™

**CERTIFIED MAIL** ™ **RECEIPT**

*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com ®

| | | |
|---|---|---|
| Postage | $ | $0.42 |
| Certified Fee | | $0.00 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | $3.12 |

Postmark Here

05/30/2008

Sent To
Federal Bureau of Invest-

Street, Apt. No.; or PO Box No.
igation 9797 Aero Dr

City, State, ZIP+4
San Diego, CA 92123

7008 1140 0001 8714 6589

## ⬅99  DECLARATORY JUDGMENT

**For later cases, see same Topic and Key Number in Pocket Part**

justify an award of declaratory relief and the case or controversy requirement of the Constitution and the Declaratory Judgment Act was satisfied. 28 U.S.C.A. §§ 2201, 2202; U.S.C.A.Const. art. 3, § 2; Social Security Act, § 402 as amended 42 U.S.C.A. § 602; N.J.S.A. 44:8–107 et seq., 108, 44:10–1 et seq., 44:13–1 et seq.; Const.N.J.1947, Art. I, par. 19; Labor Management Relations Act, 1947, § 1 et seq., 29 U.S.C.A. § 141 et seq.

> Super Tire Engineering Co. v. McCorkle, 94 S.Ct. 1694, 416 U.S. 115, 40 L.Ed.2d 1, on remand 412 F.Supp. 192, affirmed 550 F.2d 903, certiorari denied 98 S.Ct. 106, 434 U.S. 827, 54 L.Ed.2d 86, rehearing denied 98 S.Ct. 753, 434 U.S. 1025, 54 L.Ed.2d 773.

In respect to suit by employers challenging New Jersey regulations providing that workers engaged in an economic strike are eligible for public assistance through state welfare programs, requiring the presence of an active and live labor dispute would tax the employers too much by arbitrarily slighting claims of adverse injury from concrete governmental action, or the immediate threat thereof; therefore, it was sufficient for the employers to show, against a claim of mootness and in order to avoid frustrating the purposes of the Declaratory Judgment Act, the existence of an immediate and definite governmental action or policy that had adversely affected and continued to affect a present interest. 28 U.S.C.A. §§ 2201, 2202; U.S.C.A.Const. art. 3, § 2; N.J.S.A. 44:8–107 et seq., 44:10–1 et seq., 44:13–1 et seq.

> Super Tire Engineering Co. v. McCorkle, 94 S.Ct. 1694, 416 U.S. 115, 40 L.Ed.2d 1, on remand 412 F.Supp. 192, affirmed 550 F.2d 903, certiorari denied 98 S.Ct. 106, 434 U.S. 827, 54 L.Ed.2d 86, rehearing denied 98 S.Ct. 753, 434 U.S. 1025, 54 L.Ed.2d 773.

**U.S.Pa. 1998.** Even assuming that federal question jurisdiction existed over suit by union under the Declaratory Judgment Act seeking declaration that collective bargaining agreement was voidable on ground of fraud, on theory that a declaratory-judgment complaint raising a nonfederal defense to an anticipated federal claim confers such jurisdiction, suit did not present a case or controversy giving union access to federal courts, where there was no indication that employer had any concrete interest in defending binding nature of contract, or that union, which was seeking damages, had a concrete interest in establishing the nonbinding nature of the contract. 28 U.S.C.A. § 2201.

> Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Automobile, Aerospace, Agricultural Implement Workers of America, Intern. Union, 118 S.Ct. 1626, 523 U.S. 653, 140 L.Ed.2d 863.

**U.S.Tex. 1943.** Section of the Railway Labor Act providing that all disputes between carriers and employees shall be considered if possible decided with all expedition in conference between representatives designated and authorized so to confer by carriers and employees respectively interested in the dispute, but not make justiciable what otherwise is not. Railway Labor Act § 2, subd. 2, 45 U.S.C.A. § 152, subd. 2.

> General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri-Kansas-Texas R. R. v. Missouri-Kansas-Texas R. Co., 64 S.Ct. 146, 320 U.S. 323, 88 L.Ed. 76.

### ⬅100. Debtors and creditors.

**Library references**

C.J.S. Declaratory Judgments § 35.

### (C) ISSUES AND PROCEDURE.

**⬅111–114.  For other cases see the Decennial Digests and WESTLAW.**

**Library references**

C.J.S. Declaratory Judgments.

### (D) CONSTITUTIONS.

### ⬅121. In general.

**Library references**

C.J.S. Declaratory Judgments § 44.

### (E) STATUTES.

**⬅122–122.1.  For other cases see the Decennial Digests and WESTLAW.**

**Library references**

C.J.S. Declaratory Judgments.

### ⬅122. Statutes in general.

### ⬅123. —— Validity of statutes and proposed bills.

**U.S.Ala. 1964.** Denial of discretionary declaratory relief, in case involving attack upon constitutionality of Civil Rights Act as applied to restaurant, was not required where interference with governmental action had occurred, constitutional question was before Supreme Court in companion case as well, and it was important that decision on constitutionality of Act as applied in both cases be announced as quickly as possible. Fed.Rules Civ.Proc. rule 57, 28 U.S.C.A.; Civil Rights Act of 1964, §§ 204–207, 42 U.S.C.A. §§ 2000a–3 to 2000a–6.

> Katzenbach v. McClung, 85 S.Ct. 377, 379 U.S. 294, 13 L.Ed.2d 290.

**U.S.Ga. 1974.** Congress intended declaratory relief to act as an alternative to injunction and to be utilized to test the constitutionality of state criminal statutes in cases where injunctive relief would be unavailable. 28 U.S.C.A. §§ 1253, 1331, 1343(3), 2201, 2202, 2281; Act of April 20, 1871, 17 Stat. 13; Act of March 3,

---

**DEC**

§ 511

**For references to other to**

Stat. 470; 42 U.S.C.A. § 1983; Ex parte §§ 1, 2, 15 U.S.C.A. §§ 28, 29; §§ 44, 45; Act of June 29, 1906,

> v. Thompson, 94 S.Ct. 1209, 452, 39 L.Ed.2d 505, conformed v. Thompson, 494 F.2d 691.

failure to demonstrate irreparable injury preclude issuance of judgment declaring Georgia criminal trespass statute constitutionally be applied to petitioner, distributing anti-Vietnam War handbills on sidewalk of shopping center and then threatened with arrest; engrafting declaratory Judgment Act a requirement the traditional equitable prerequisite of an injunction be satisfied before declaratory relief would defy intent to make declaratory relief available wherein injunction would be inappropriate. 42 U.S.C.A. § 1983; 28 U.S.C.A. §§ 2201, 2202; Code Ga. § 26–1503; U.S.C.A.Const. Amends. 1, 14.

> Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691.

failure to satisfy all of traditional equitable prerequisites to issuance of an injunction would preclude federal court from entering declaratory judgment as to constitutionality of a criminal statute. 28 U.S.C.A. §§ 2201.

> Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691.

### ⬅124. Statutes relating to particular subjects

**Library references**

C.J.S. Declaratory Judgments § 47.

### ⬅124.1. —— In general.

**U.S.Cal. 1981.** Although judicial provisions of Federal Election Campaign Act governing declaratory judgment actions and enforcement proceedings are not blue print for efficient litigation, those provisions do include use of declaratory judgment action to litigate constitutional challenges to Act as have been or might have been raised as to ongoing or contemplated Federal Election Commission enforcement proceedings. Federal Election Campaign Act of 1971, §§ 313, 437g, as amended 2 U.S.C.A. §§ 437g, 437h.

> California Med. Ass'n v. Federal Election Com'n, 101 S.Ct. 2712, 453 U.S. 182, 69 L.Ed.2d 567.

**U.S.Conn. 1961.** Record in declaratory judgment actions wherein Connecticut Supreme Court of Errors upheld validity of Connecticut statutes prohibiting use of contraceptives disclosed no justiciable constitutional question for lack of showing that statutes would be

# DECLARATORY JUDGMENT ⟐201

7 S Ct D—514    S Ct D—515

For references to other topics, see Descriptive-Word Index

## Number in Pocket Part

inique and extraordinary circumstances, federal declaratory relief could be ing but they had to demonstrate existence of or controversy within Federal Consti and Declaratory Judgment Act, and, his requirement, they had to demonstra uine, credible threat that they might be ed and charged with loitering, and the hreat was alive at each stage of litigation ding proceedings following remand by th eme Court, and not merely at time co t was filed.    42 U.S.C.A. § 1983; C.A. § 2201; U.S.C.A.Const. art. 3, §

Ellis v. Dyson, 95 S.Ct. 1691, 421 U.S. 44 L.Ed.2d 274, on remand 518 F.2d

### 29. Zoning ordinances.

rary references
C.J.S. Declaratory Judgments § 52; Zo and Land Planning §§ 287–289, 336

### (G) WRITTEN INSTRUMENTS AND CONTRACTS.

#### 1. IN GENERAL.

⟐141–146.  For other cases see the De Digests and WESTLAW.

ibrary references
C.J.S. Declaratory Judgments.

⟐143. Particular contracts.

⟐147. —— Labor agreements.

U.S.Cal. 1959.  The controversy cause the requirement in carrier's with union, that union member's rev deduction of union dues from memb be on form furnished by union was the requirements of the Railway which permits a member to chose to stop such deductions without any preliminary dealings with union; minimis and the added requirement ingfully burdensome to union memb seeking declaratory and injunctive way Labor Act, § 2, subd. 11(b), § 152, subd. 11(b).

Felter v. Southern Pac. Co., 359 U.S. 326, 3 L.Ed.2d 854

U.S.Cal. 1943.  Whether a tween carrier and committee of cerning the demotion of enginee and the calling of firemen for se gency engineers was invalid und Labor Act was not a justiciable plaint by committee of enginee bor Act, § 1 et seq., 45 U.S.C.A General Committee of Adjus of Locomotive Engineers v. of Southern Pac. Co. v Co., 64 S.Ct. 142, 320 U.S. 85.

U.S.Dist.Col. 1947.  Where the govern ment had seized and was operating coal mines, government was entitled to bring suit for de aratory judgment regarding defendants' right terminate agreement providing terms and nditions of employment in respect to mines in vernment possession and the government was tled to secure relief by way of civil contempt violation of restraining order entered in its alf in such suit. Jud.Code, §§ 24, 274d, 28 .C.A. §§ 1331 et seq., 2201, 2202.

U.S. v. United Mine Workers of America, 67 S.Ct. 677, 330 U.S. 258, 91 L.Ed. 884.

U.S.Mich. 1977.  Challenge to agency shop ision of public schoolteachers' bargaining ment was not rendered moot on ground the only such clause placed in issue by the aint was contained in a now expired bar ing agreement where successor agreement ained substantially identical provisions and appellate court appeared to have taken cial notice of the latter agreement in render decision.    28 U.S.C.A. § 1257(2); Const. art. 3, § 1 et seq.

od v. Detroit Bd. of Ed., 97 S.Ct. 1782, U.S. 209, 52 L.Ed.2d 261, rehearing nied 97 S.Ct. 2989, 433 U.S. 915, 53 d.2d 1102.

N.Y. 1950.  Jurisdiction of National Adjustment Board to adjust dispute Railroad Telegraphers Union and Rail rks Union concerning scope of their collective bargaining agreements, un each union claimed certain jobs for was exclusive, and where jurisdic d was not invoked, New York State no power to render and uphold judgment interpreting the agree way Labor Act, §§ 2, 3, subd. 1(i), §§ 151a, 153, subd. 1(i).

v. Delaware, L. & W.R. Co., 70 577, 339 U.S. 239, 94 L.Ed. 795.

1950.  Under provision of Rail t authorizing reference of disputes the division of Adjustment Board, was without power to interpret col ning agreement and adjudicate en conductors and railroad con railroad's obligation under the ive conductors extra pay for Railway Labor Act, § 3, subd. § 153, subd. 1(i).

Ry. Conductors of America v. Ry.Co., 70 S.Ct. 585, 339 U.S. Ed.811.

other cases see the Decenni ests and WESTLAW.

INSURANCE.

other cases see the Decenni Digests and WESTLAW.

ory Judgments.

⟐163. Life and accident insurance.

⟐164. —— Disability provisions.

U.S.Mo. 1937.  Where holder of insurance policies had formally presented claim for stipu lated benefits for total and permanent disability and to be relieved from duty of paying premi ums because of such disability while insurer had made equally definite claim that insured was not totally and permanently disabled, and that policies had lapsed for nonpayment of premiums, there was a dispute susceptible to judicial determination under Declaratory Judg ment Act in suit by insurer; the dispute not relating as claimed to existence of changeable condition, but to existence of fact capable of final determination as to disability of insured when he stopped payment of premiums.    28 U.S.C.A. §§ 2201, 2202.

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 57 S.Ct. 461, 300 U.S. 227, 81 L.Ed. 617, 108 A.L.R. 1000, rehearing denied 57 S.Ct. 667, 300 U.S. 687, 81 L.Ed. 889.

⟐165–172.  For other cases see the Decennial Digests and WESTLAW.

**Library references**
C.J.S. Declaratory Judgments.

### (H) PROPERTY AND CONVEYANCES.

⟐181–187.  For other cases see the Decennial Digests and WESTLAW.

**Library references**
C.J.S. Declaratory Judgments.

### (I) LIENS AND PRIORITIES.

⟐188. In general.

**Library references**
C.J.S. Declaratory Judgments § 75.

### (J) MORTGAGES AND TRUST DEEDS.

⟐189. In general.

**Library references**
C.J.S. Declaratory Judgments § 77.

### (K) PUBLIC OFFICERS AND AGENCIES.

#### Research Notes
Declaratory judgments in wage and hour viola tions, see West's Federal Practice Manual.

⟐201. Officers and official acts in general.

**Library references**
C.J.S. Declaratory Judgments § 85.

U.S.Cal. 1993.  Injunctive and declaratory judgment remedies are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in context of controversy "ripe" for judicial resolution, that is to say, unless effects

**In Pocket Part**

# DECLARATORY JUDGMENT  ⟲124.1

For references to other topics, see Descriptive-Word Index

**43.** Section of the Railway La-ng that all disputes between-ployees shall be considered and-ed with all expedition, in con-representatives designated and-confer by carriers and employ-interested in the dispute, does-ciable what otherwise is not.-Act § 2, subd. 2, 45 U.S.C.A.

-mittee of Adjustment of Broth-Locomotive Engineers for Mis.-sas-Texas R. R. v. Missouri-xas R. Co., 64 S.Ct. 146, 320-38 L.Ed. 76.

**and creditors.**

-es

-ratory Judgments § 35.

**ES AND PROCEDURE.**

-r other cases see the Decennial-ests and WESTLAW.

-es

-ratory Judgments.

**CONSTITUTIONS.**

-al.

-es

-ratory Judgments § 44.

**E) STATUTES.**

-or other cases see the De-l Digests and WESTLAW.

-es

-ratory Judgments.

**In general.**

-idity of statutes and pr—

-54. Denial of discretion-in case involving attack-of Civil Rights Act as app-not required where inter-tal action had occurred-was before Supreme C-as well, and it was-constitutionality of A-ies be announced as-Rules Civ.Proc. rule-Rights Act of 1964, §§-000a–3 to 2000a–6.

v. McClung, 85 S.Ct-13 L.Ed.2d 290.

**4.** Congress intende-as an alternative to-d to test the constitu-itutes in cases where-e unavailable. 26-343(3), 2201, 2202-1, 17 Stat. 5; Act-

1875, 18 Stat. 470; 42 U.S.C.A. § 1983; Expe-diting Act, §§ 1, 2, 15 U.S.C.A. § 1983; 28, 29; 49 U.S.C.A. §§ 44, 45; Act of June 29, 1906, 34 Stat. 584.

Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691.

Failure to demonstrate irreparable injury did not preclude issuance of judgment declaring whether Georgia criminal trespass statute could constitutionally be applied to petitioner, who was distributing anti-Vietnam War handbills on exterior sidewalk of shopping center and who had been threatened with arrest; engrafting on the Declaratory Judgment Act a requirement that all the traditional equitable prerequisites to issuance of an injunction be satisfied before issuance of declaratory relief would defy Con-gress' intent to make declaratory relief available in cases wherein injunction would be inappro-priate. 42 U.S.C.A. § 1983; 28 U.S.C.A. §§ 1343, 2201, 2202; Code Ga. § 26–1503; U.S.C.A.Const. Amends. 1, 14.

Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691.

Failure to satisfy all of traditional equitable prerequisites to issuance of an injunction does not preclude federal court from entering declar-atory judgment as to constitutionality of a state criminal statute. 28 U.S.C.A. §§ 2201, 2202.

Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691.

⟲124. Statutes relating to particular subjects.

Library references

C.J.S. Declaratory Judgments § 47.

⟲124.1. —— In general.

**U.S.Cal. 1981.** Although judicial review provisions of Federal Election Campaign Act governing declaratory judgment actions and en-forcement proceedings are not blue prints for silent litigation, those provisions do not pre-clude use of declaratory judgment actions to attack been or might have been raised as defens-e to ongoing or contemplated Federal Election Commission enforcement proceedings. Federal Election Campaign Act of 1971, §§ 313, 314 as amended 2 U.S.C.A. §§ 437g, 437h.

California Med. Ass'n v. Federal Elec. Com'n, 101 S.Ct. 2712, 453 U.S. 182, 69 L.Ed.2d 567.

**U.S.Conn. 1961.** Record in declaratory judgment actions wherein Connecticut Supreme Court of Errors upheld validity of Connecticut statutes prohibiting use of contraceptives dis-closed no justiciable constitutional question, for record showing that statutes would be enforced

against plaintiffs. C.G.S.A. §§ 53–32, 54–196; U.S.C.A.Const. Amend. 14.

Poe v. Ullman, 81 S.Ct. 1752, 367 U.S. 497, 6 L.Ed.2d 989, rehearing denied 82 S.Ct. 21, 368 U.S. 869, 7 L.Ed.2d 69, rehearing denied Buxton v. Ullman, 82 S.Ct. 22, 368 U.S. 869, 7 L.Ed.2d 69.

**U.S.Dist.Col. 1947.** Where government contractors had been directed to withhold ex-cessive profits from subcontractor and subcon-tractor had instituted proceedings in Tax Court for redetermination of alleged excessive profits, suit against War Contracts Price Adjustment Board, Secretary of War, and Under Secretary of War for declaratory judgment as to constitu-tionality and coverage of the Renegotiation Acts and for injunctive relief was premature and beyond court's equity jurisdiction, since admin-istrative remedy and remedy at law by subcon-tractor's suit against government contractors, who were protected by government's guaranty of indemnity, was adequate and effective. 28 U.S.C.A. § 380a; Renegotiation Act, § 403(c) (2), (d) (1), (e) (1), as amended, 50 U.S.C.A.Ap-pendix, § 1191 (c) (2), (d) (1), (e) (1); U.S.C.A.Const. art. 1, § 1; Amends. 5, 7, 10.

Aircraft & Diesel Equipment Corp. v. Hirsch, 67 S.Ct. 1493, 331 U.S. 752, 91 L.Ed. 1796.

Where government contractors had been directed to withhold excessive profits from sub-contractor and subcontractor had instituted proceedings in Tax Court for redetermination of alleged excessive profits, showing that subcon-tractor's remedy at law by way of suits against government contractors who were protected by government's guaranty of indemnity was inade-quate because of multiplicity of suits was insuf-ficient to authorize maintenance of equity suit for determination of constitutionality and cover-age of Renegotiation Acts and for injunctive relief. 28 U.S.C.A. §§ 1253, 2101, 2282, 2284; Renegotiation Act, § 403(c) (2) as amended 50 U.S.C.A.App. § 1191(c) (2); U.S.C.A.Const. art. 1, § 1; Amends. 5, 7, 10.

Aircraft & Diesel Equipment Corp. v. Hirsch, 67 S.Ct. 1493, 331 U.S. 752, 91 L.Ed. 1796.

**U.S.Ga. 1974.** Where petitioner had been twice warned to stop handbilling on exterior sidewalk of shopping center and had been threatened by police with arrest for violation of Georgia criminal trespass law if he failed to do so and petitioner claimed that handbilling, in protest of the United States involvement in Vietnam, was constitutionally protected, there was an "actual controversy" rendering it unnec-essary for petitioner to expose himself to actual arrest or prosecution to make his constitutional challenge to those sections of trespass statute which provided basis for threats of criminal prosecution; whether controversy remained substantial and continuing in light of recent

**⊄124.1  DECLARATORY JUDGMENT**

For later cases, see same Topic and Key Number in Pocket Part

reductions of involvement in Vietnam was a matter for district court on remand. 42 U.S.C.A. § 1983; 28 U.S.C.A. §§ 1343, 2201, 2202; Code Ga. § 26–1503; U.S.C.A.Const. art. 3, § 1 et seq.; Amends. 1, 14.

Steffel v. Thompson, 94 S.Ct. 1209, 415 U.S. 452, 39 L.Ed.2d 505, conformed to Becker v. Thompson, 494 F.2d 691. ﹐

**U.S.Ill. 1987.** Persons covered by warrant-less search statute may bring action seeking declaration of statute's unconstitutionality and injunction barring its implementation. U.S.C.A. Const.Amend. 4.

Illinois v. Krull, 107 S.Ct. 1160, 480 U.S. 340, 94 L.Ed.2d 364, on remand People v. Krull, 128 Ill.Dec. 105, 534 N.E.2d 125, 126 Ill.2d 235.

**U.S.Ill. 1969.** When a state makes classifi-cations of voters which favor residents of some counties over residents of other counties, a justiciable controversy under the equal protec-tion clause is presented. U.S.C.A.Const. Amend. 14.

Moore v. Ogilvie, 89 S.Ct. 1493, 394 U.S. 814, 23 L.Ed.2d 1.

**U.S.Ill. 1946.** A complaint under Federal Declaratory Judgment Act for a decree declar-ing Illinois statutes apportioning the State of Illinois into congressional districts invalid in that such districts lacked compactness of terri-tory and approximate equality of population, was dismissed for want of equity in that the issue was of a peculiarly political nature and therefore was not meet for determination. S.H.A. ch. 46, §§ 154–156; 2 U.S.C.A. §§ 2a, 3; Jud.Code, § 274d, 28 U.S.C.A. § 400; U.S.C.A.Const. art. 1, §§ 2, 4, 5, cl. 1.

Colegrove v. Green, 66 S.Ct. 1198, 328 U.S. 549, 90 L.Ed. 1432, rehearing denied 67 S.Ct. 118, 329 U.S. 825, 91 L.Ed. 701, reargument denied 67 S.Ct. 199, 329 U.S. 828, 91 L.Ed. 703.

**U.S.La. 1957.** The Louisiana declaratory judgment procedure is available to secure inter-pretation of Louisiana statute making mineral rights "imprescriptible" for nonuser as against the United States, but in such proceeding state courts could decide definitely only questions of state law that are not subject to overriding federal law. LSA–R.S. 9:5806, 13:4231 et seq.

Leiter Minerals, Inc. v. U.S., 77 S.Ct. 287, 352 U.S. 220, 1 L.Ed.2d 267, rehearing denied 77 S.Ct. 553, 352 U.S. 1019, 1 L.Ed.2d 560.

**U.S.Mich. 1972.** Although Michigan au-thorities indicated that they would not prose-cute under Michigan Watercraft Pollution Con-trol Act of 1970 until adequate landbased pump-out facilities were available to service vessels equipped with sewage storage devices, where the authorities had sought to obtain compliance as soon as possible, and, to avoid prosecu[tion] owners and operators of Great Lakes bulk ca[rgo] vessels would be required to install sew[age] storage devices to retain sewage on board [as] soon as pump-out facilities were available, th[ere] was an "actual controversy" as to validi[ty of] Act, within Declaratory Judgment Act, that [was] ripe for decision and complaint challenging [Act] should not have been dismissed on theory th[at] an advisory opinion was sought. 28 U.S.C[.A.] § 2201; M.C.L.A. §§ 323.331 et seq., 323.33[5].

Lake Carriers' Ass'n v. MacMullan, 92 S.[Ct.] 1749, 406 U.S. 498, 32 L.Ed.2d 2[57].

**U.S.Mo. 1977.** Where suit was brought [to] determine police officer's liability for death [of] plaintiff's son and for declaratory judgment [as] to constitutionality of Missouri statute autho[riz]-ing officers to use deadly force in apprehend[ing] person who has committed felony follow[ing] notice of intent to arrest, and there was no [?] longer any basis for damage claim since ti[?] appeal was taken from trial court's determi[na]-tion that a defense in good faith on part [of] officer had been established, there was no ba[sis] for declaratory judgment as to constitutiona[lity] of statute as suit did not present a live case [or] controversy. 42 U.S.C.A. § 1983; 28 U.S.C.[A.] § 1254(2); V.A.M.S. §§ 544.190, 559.040.

Ashcroft v. Mattis, 97 S.Ct. 1739, 431 U[.S.] 171, 52 L.Ed.2d 219, rehearing denied [97] S.Ct. 2990, 433 U.S. 915, 53 L.Ed.2d 1102.

**U.S.N.Y. 1969.** Declaratory judgment ac[-] tion challenging state statute making it a crim[e] to distribute anonymous literature in connecti[on] with an election campaign did not present con[-] troversy of sufficient immediacy and reality [to] warrant issuance of declaratory judgment [?] where it appeared that distributor of handbills was concerned only with literature relating [to] certain congressman who at time of hearing had left House of Representatives and had taken office as state Supreme Court Justice. 28 U.S.C.A. § 2201.

Golden v. Zwickler, 89 S.Ct. 956, 394 U.S. 103, 22 L.Ed.2d 113.

**U.S.N.C. 1939.** Where Secretary of Agri[-] culture pursuant to Tobacco Inspection A[ct] designated tobacco market for government in[-] spection and grading, and warehousemen au[c]-auctioneers at market asserted that Tobacco Inspection Act was invalid because of its dis[-] criminatory character, provisions for unconstit[u]-tutional delegation of legislative power, and [?] violation of due process clause of Fifth Amendment, and because transaction of offer[-] ing tobacco for sale at auction on the ware-house floor was not subject to congressional regulation as transaction in interstate com-merce, "actual controversy" existed between parties entitling warehousemen and auction-eers to invoke the Declaratory Judgment Act. Tobacco Inspection Act § 1 et seq., 7 U.S.C.A.

**DE[...]**

**[...]-513**

For references to other t[...]

seq., Jud.Code § 274d, 28 U.S.C.[...] U.S.C.A.Const. art. 1, § 8, cl. [...]

[...]in v. Wallace, 59 S.Ct. 379, 306 U.S [...] L.Ed. 441.

**[...]Wash. 1954.** Suit by labor union, [?] [...]ne alien members who each sum [...]in the salmon canneries of Alaska, [...]tory relief and to enjoin the Dis[-] [...]r of Immigration and Naturaliza[-] [...] construing provision of Immigr[a-] [...]tionality Act as to treat aliens domi[-] [...]tinental United States returning [?] [...]mporary work in Alaska as if they [?] [...]entering the United States for the [?] [...]ught to obtain a court's assurance t[h?] [...] facts occurred in the future, such p[?] [...]ould not be applied, and did not p[?] [...]te "case or controversy" as require[d?] [...]per exercise of the judicial fun[c-] [...]ration and Nationality Act, § 212(a[?] [...]U.S.C.A. § 1182(a), (d) (7).

[...]ternational Longshoremen's and [?] [...]housemen's Union, Local 37 v. Boy[?] [...]S.Ct. 447, 347 U.S. 222, 98 L.Ed.[?]

**[...] — Corporations, carriers and [?] utilities.**

**[...].Cal. 1958.** Complaint by United [?] [...]ing that state statute empowering [?] [...]mission to determine just and reas[?] [...]tions under which common carriers [?] [...]ort government property at reduce[?] [...]unconstitutional presented "actual [?] [...] between the United States and th[?] [...]on within declaratory judgment [?] [...]thstanding absence of allegation th[at?] [...]on had done or had threatened [?] [...]ting adverse to the United States [?] [...]carriers could no longer transpo[rt?] [...]d States property at lower negotiate[?] [...]out commission's approval, and p[?] [...] have been imposed on federal offi[?] [...]tion of the statute. West's Ann.Ca[l.?] [...]Code, §§ 486, 493, 494, 530, 2107, 2[?] [...]C.A. § 2201; U.S.C.A.Const. art. 3, § [?]

[...]Public Utilities Commission of State [...]v. U. S., 78 S.Ct. 446, 355 U.S. [?] [...] L.Ed.2d 470, rehearing denied 7[?] [...] 713, 356 U.S. 925, 2 L.Ed.2d 760.

**[...]U.S.Dist.Col. 1946.** District court [?] [...] jurisdiction of steamship company [?] [...]nt seeking to enjoin enforcement of [?] [...]ion Act as to contracts made by plain[-] [...]sh Ministry of War Transport an[?] [...]ratory judgment that such contra[?] [...]subject to the Renegotiation Act, in[?] [...]howing that plaintiff had exhauste[d?] [...]istrative remedies provided in the A[?] [...]iation Act, 50 U.S.C.A.App. § 1191.

[...]Macauley v. Waterman S.S. Corp[.,?] [...] 712, 327 U.S. 540, 90 L.Ed. 839.

**umber in Pocket Part**

as possible, and, to avoid prosec... nd operators of Great Lakes bulk... would be required to install... devices to retain sewage on bo... ump-out facilities were available... "actual controversy" as to vali... in Declaratory Judgment Act, th... decision and complaint challengi... ot have been dismissed on theo... ory opinion was sought. 28 U...

M.C.L.A. §§ 323.331 et seq., 32...

: Carriers' Ass'n v. MacMullan, 9... '49, 406 U.S. 498, 32 L.Ed.2...

**Mo. 1977.** Where suit was brou... ie police officer's liability for de... s son and for declaratory judgm... itutionality of Missouri statute au... ers to use deadly force in appreh... who has committed felony fo... f intent to arrest, and there w... any basis for damage claim sin... was taken from trial court's dete... t a defense in good faith on pa... iad been established, there was n... aratory judgment as to constituti... te as suit did not present a live... ersy. 42 U.S.C.A. § 1983; 28 U... 2); V.A.M.S. §§ 544.190, 559.040...

croft v. Mattis, 97 S.Ct. 1739, 4... 71, 52 L.Ed.2d 219, rehearing de... .Ct. 2990, 433 U.S. 915, 53 L... 102.

**;.N.Y. 1969.** Declaratory judgm... llenging state statute making it... bute anonymous literature in con... . election campaign did not prese... / of sufficient immediacy and rea... t issuance of declaratory jud... it appeared that distributor of ha... ncerned only with literature rela... congressman who at time of... : House of Representatives and ha... as state Supreme Court Justic... \. § 2201.

lden v. Zwickler, 89 S.Ct. 956,... :03, 22 L.Ed.2d 113.

**5.N.C. 1939.** Where Secretary... pursuant to Tobacco Inspecti... ited tobacco market for governm... n and grading, and warehousem... ieers at market asserted that... tion Act was invalid because o... atory character, provisions for u... il delegation of legislative powe... n of due process clause o... lment, and because transaction o... pacco for sale at auction on the... floor was not subject to congre... tion as transaction in interstat... "actual controversy" existed... entitling warehousemen and... invoke the Declaratory Judgm... o Inspection Act § 1 et seq., 7...

...11 et seq., Jud.Code § 274d, 28 U.S.C.A. ...400; U.S.C.A.Const. art. 1, § 8, cl. 3; ...end. 5.

Currin v. Wallace, 59 S.Ct. 379, 306 U.S. 1, 83 L.Ed. 441.

**U.S.Wash. 1954.** Suit by labor union, hav... ing some alien members who each summer ...orked in the salmon canneries of Alaska, for ...eclaratory relief and to enjoin the District ...irector of Immigration and Naturalization ...rom so construing provision of Immigration ...nd Nationality Act as to treat aliens domiciled ...n continental United States returning from ...heir temporary work in Alaska as if they were ...iliens entering the United States for the first ...ime, sought to obtain a court's assurance that if ...ertain facts occurred in the future, such provi... ...ion would not be applied, and did not pose a ...oncrete "case or controversy" as required for ...he proper exercise of the judicial function. ...nmigration and Nationality Act, § 212(a), (d) ...(7), 8 U.S.C.A. § 1182(a), (d) (7).

International Longshoremen's and Warehousemen's Union, Local 37 v. Boyd, 74 S.Ct. 447, 347 U.S. 222, 98 L.Ed. 650.

⇐125. —— **Corporations, carriers and public utilities.**

**U.S.Cal. 1958.** Complaint by United States ...harging that state statute empowering state ...ommission to determine just and reasonable ...onditions under which common carriers could ...ransport government property at reduced rates ...as unconstitutional presented "actual contro...ersy" between the United States and the com...ission within declaratory judgment statute, ...otwithstanding absence of allegation that com...ission had done or had threatened to do ...nything adverse to the United States or its ...gent, where under commission's action com...on carriers could no longer transport any ...nited States property at lower negotiated rates ...ithout commission's approval, and penalties ...ould have been imposed on federal officers for ...iolation of the statute. West's Ann.Cal.Public ...til.Code, §§ 486, 493, 494, 530, 2107, 2112; 28 ...S.C.A. § 2201; U.S.C.A.Const. art. 3, § 2, cl. 1.

Public Utilities Commission of State of Cal. v. U. S., 78 S.Ct. 446, 355 U.S. 534, 2 L.Ed.2d 470, rehearing denied 78 S.Ct. 713, 356 U.S. 925, 2 L.Ed.2d 760.

**U.S.Dist.Col. 1946.** District court did not ...ave jurisdiction of steamship company's com...laint seeking to enjoin enforcement of Renego...ation Act as to contracts made by plaintiff with ...ritish Ministry of War Transport and for a ...eclaratory judgment that such contracts were ...ot subject to the Renegotiation Act, in absence ...f showing that plaintiff had exhausted its ad...inistrative remedies provided in the Act. Rene...otiation Act, 50 U.S.C.A.App. § 1191.

Macauley v. Waterman S.S. Corp., 66 S.Ct. 712, 327 U.S. 540, 90 L.Ed. 839.

**U.S.N.Y. 1938.** Public utility holding companies proceeded against under the Public Utility Holding Company Act to enforce particular provisions of the act are not entitled to invoke the Declaratory Judgment Act to obtain an advisory decree declaring the act unconstitutional as a whole, thus presenting a variety of hypothetical controversies which may never become real and calling for a speculative inquiry for the purpose of condemning statutory provisions the effect of which in concrete situations not yet developed cannot be definitely perceived. Public Utility Holding Company Act of 1935, § 1 et seq., 15 U.S.C.A. § 79 et seq.; Jud.Code, § 274d, as amended, 28 U.S.C.A. § 400.

Electric Bond & Share Co. v. Securities and Exchange Commission, 58 S.Ct. 678, 303 U.S. 419, 82 L.Ed. 936, 115 A.L.R. 105.

**U.S.N.D. 1945.** Whether a corporation whose land has been escheated will be deprived of rents and profits pending sale, authorized by state statute, is not an appropriate question for adjudication by declaratory judgment procedure in advance of application of statute to corporation asserting that such deprivation of rents and profits will deny it due process, and in the absence of an authoritative construction of statute by state court. Initiated Measure of 1932, § 5, Laws N.D.1933, p. 494; §§ 2, 3, as amended by Laws 1933, c. 89; U.S.C.A.Const. Amend. 14.

Asbury Hospital v. Cass County, N. D., 66 S.Ct. 61, 326 U.S. 207, 90 L.Ed. 6.

**U.S.Tenn. 1958.** Where Negro boarded bus and seated himself in the front and the driver told him to move to the rear and police officers ordered him to go to the rear, get off or be arrested, whereupon the Negro left the bus, an "actual controversy" existed over validity of state statute requiring segregated seating arrangements on account of race, and consequently the Negro could bring class action seeking declaration as to his claimed constitutional right to travel on buses without being segregated, notwithstanding that the Negro boarded bus for purpose of instituting the action. T.C.A. §§ 65-1704 to 65-1709; 28 U.S.C.A. § 2201.

Evers v. Dwyer, 79 S.Ct. 178, 358 U.S. 202, 3 L.Ed.2d 222.

A resident of a municipality who cannot use transportation facilities therein without being subjected by statute to special disabilities has a "substantial, immediate and real interest" in validity of statute which imposes the disability, within rule that there must be a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment. 28 U.S.C.A. § 2201.

Evers v. Dwyer, 79 S.Ct. 178, 358 U.S. 202, 3 L.Ed.2d 222.

DECI

⚬126 **DECLARATORY JUDGMENT**                                    7 S.Ct.

**For later cases, see same Topic and Key Number in Pocket Part**

**For references to other topic**

⚬126. —— **Employees, labor relations and unemployment compensation.**

*For other cases see the Decennial Digests and WESTLAW.*

⚬127. —— **Licenses and taxes.**

**U.S.La. 1937.** Company engaged in intrastate and interstate commerce could not, upon mere speculation that statute imposing occupation or license tax on retail chain stores for privilege of doing business within state, would be unconstitutionally construed and applied in respect of company's intrastate business, obtain an advisory decree that statute should not be so administered as to burden or regulate interstate commerce. LSA-R.S. 47:1122; U.S.C.A.Const. art. 1, § 8, cl. 3.

Great Atlantic & Pacific Tea Co. v. Grosjean, 57 S.Ct. 772, 301 U.S. 412, 81 L.Ed. 1193, 112 A.L.R. 293, rehearing denied 58 S.Ct. 3, 302 U.S. 772, 82 L.Ed. 599.

**(F) ORDINANCES.**

⚬128. **Ordinances in general.**

**Library references**

C.J.S. Declaratory Judgments § 51.

**U.S.Ill. 1967.** Action by motor carrier against city and others for declaratory judgment that city ordinance was invalid as an unconstitutional burden on interstate commerce and an unconstitutional attempt to regulate an area pre-empted by Interstate Commerce Act was not premature, though city disclaimed any power to stop carrier's operations, where city did not give up its power under ordinance to fine carrier and arrest his drivers for operating without licenses or power of city to revoke for discretionary reasons all licenses which carrier might obtain. Interstate Commerce Act, §§ 1(4), 3(4), 15(3), 202(c) (2), 49 U.S.C.A. §§ 1(4), 3(4), 15(3), 302(c) (2).

Railroad Transfer Service, Inc. v. City of Chicago, 87 S.Ct. 1095, 386 U.S. 351, 18 L.Ed.2d 143.

**U.S.Ill. 1958.** Where it was determined that ordinance of City of Chicago was completely invalid insofar as it applied to transfer company used by railroads in interterminal transfer of interstate passengers, transfer company was not obligated to apply for a certificate of convenience and necessity under the ordinance and submit to administrative procedures incident thereto before bringing action for declaratory judgment to determine validity and application of the ordinance.

City of Chicago v. Atchison, T. & S. F. Ry. Co., 78 S.Ct. 1063, 357 U.S. 77, 2 L.Ed.2d 1174.

other unique and extraordinary circum before federal declaratory relief could voked, but they had to demonstrate existe a case or controversy within Federal C tion and Declaratory Judgment Act, meet this requirement, they had to dem a genuine, credible threat that they m arrested and charged with loitering, a this threat was alive at each stage of lit including proceedings following remand Supreme Court, and not merely at time plaint was filed. 42 U.S.C.A. § 198 U.S.C.A. § 2201; U.S.C.A.Const. art. 3 seq.

Ellis v. Dyson, 95 S.Ct. 1691, 421 U.S 44 L.Ed.2d 274, on remand 518 F.2d

⚬129. **Zoning ordinances.**

**Library references**

C.J.S. Declaratory Judgments § 52; Zon and Land Planning §§ 287–289, 336

**(G) WRITTEN INSTRUMENTS AND CONTRACTS.**

**1. IN GENERAL.**

⚬141–146. *For other cases see the Decemi Digests and WESTLAW.*

**Library references**

C.J.S. Declaratory Judgments.

⚬143. **Particular contracts.**

⚬147. —— **Labor agreements.**

**U.S.Cal. 1959.** The controversy arising cause the requirement in carrier's agreem with union, that union member's revocation deduction of union dues from member's wag be on form furnished by union was in excess the requirements of the Railway Labor A which permits a member to chose individual to stop such deductions without undertak any preliminary dealings with union, was not minimis and the added requirement was me ingfully burdensome to union member who w seeking declaratory and injunctive relief. Rai way Labor Act, § 2, subd. 11(b), 45 U.S.C § 152. subd. 11(b).

Felter v. Southern Pac. Co., 79 S.Ct. 8 359 U.S. 326, 3 L.Ed.2d 854.

**U.S.Cal. 1943.** Whether agreement co tween carrier and committee of firemen co cerning the demotion of engineers to fireme and the calling of firemen for service as eme gency engineers was invalid under the Railwa Labor Act was not a justiciable issue on com plaint by committee of engineers. Railway L bor Act. § 1 et seq., 45 U.S.C.A. § 151 et se

General Committee of Adjustment of Brot of Locomotive Engineers for Pacific Line of Southern Pac. Co. v. Southern Pac.

**Dist.Col. 1947.** Where the govern d seized and was operating coal mines. ment was entitled to complete relief for de y judgment regarding defendants' righ nate agreement providing terms and ns of employment in respect to mines ir nent possession and the government wa to secure relief by way of civil contemp ation of restraining order entered in i n such suit. Jud.Code, §§ 24, 274d, 7 § 1331 et seq., 2201, 2202.

v. United Mine Workers of America, Ct. 677, 330 U.S. 258, 91 L.Ed. 8

**d.Mich. 1977.** Challenge to agency s on of public schoolteachers' bargain ment was not rendered moot on gro e only such clause placed in issue by ant was contained in a now expired agreement where successor agree ned substantially identical provisions appellate court appeared to have al notice of the later agreement in re s decision. 28 U.S.C.A. § 12 A.Const. art. 3, § 1 et seq. ood v. Detroit Bd. of Ed., 97 S.Ct. 431 U.S. 209, 52 L.Ed.2d 261, reh denied 97 S.Ct. 2989, 433 U.S. 9 L.Ed.2d 1102.

**U.S.N.Y. 1950.** Jurisdiction of N way Adjustment Board to adjust een Railroad Telegraphers Union a Clerks Union concerning scope tive collective bargaining agreem which each union claimed certain members, was exclusive, and where f board was not invoked, New Y rts had no power to render an aratory judgment interpreting t ts. Railway Labor Act, §§ 2, 3, U.S.C.A. §§ 151a, 153, subd. 1(i). Slocum v. Delaware, L. & W.l S.Ct. 577, 339 U.S. 239, 94

**U.S.S.C. 1950.** Under provisi Labor Act authorizing reference appropriate division of Adjust ate court was without power to i tive bargaining agreement and pute between conductors and ning the railroad's conductors reement to give conductors e ain services. Railway Labor 45 U.S.C.A. § 153, subd. 1(i). Order of Ry. Conductors Southern Ry. Co., 70 S.Ct. 255, 94 L.Ed. 811.

⚬148–149. *For other cases se Digests and WEST*

**2. INSURANCE.**

⚬161–163.1. *For other cases al Digests and l*

rary references C.J.S. Declaratory Judgme