KAREN P. HEWITT
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
California State Bar No. 160515
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7147

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN HENNINGTON, JR., | Case No. 08cv1033 JAH (LSP) |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | DATE: September 15, 2008<br>TIME: 2:30 p.m.<br>CTRM: 11 |
| Defendant. | JUDGE: Hon. John A. Houston |
| | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

TO:     PLAINTIFF, ALVIN HENNINGTON, JR.

        PLEASE TAKE NOTICE that on Monday, September 15, 2008 at 2:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable John A. Houston, Defendant, through its attorneys of record, Karen P. Hewitt, United States Attorney, and Christopher B. Latham, Assistant United States Attorney, will bring on its Motion to Dismiss pursuant to Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

        This motion is based upon the accompanying memorandum of points and authorities, and the files and records of this case.

DATED: August 11, 2008

        KAREN P. HEWITT
        United States Attorney

        s/ Christopher B. Latham

        CHRISTOPHER B. LATHAM
        Assistant U.S. Attorney
        Attorneys for the United States of America

1  KAREN P. HEWITT
   United States Attorney
2  CHRISTOPHER B. LATHAM
   Assistant U.S. Attorney
3  California State Bar No. 160515
   U.S. Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7147

6  Attorneys for Defendant
   United States of America

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  ALVIN HENNINGTON, JR.,          )    Case No. 08cv1033 JAH (LSP)
                                    )
12            Plaintiff,            )    MEMORANDUM OF POINTS AND
                                    )    AUTHORITIES IN SUPPORT OF
13       v.                         )    MOTION TO DISMISS
                                    )
14  FEDERAL BUREAU OF               )    DATE:   September 15, 2008
    INVESTIGATION,                  )    TIME:   2:30 p.m.
15                                  )    CTRM:  11
              Defendant.            )    JUDGE: Hon. John A. Houston
16                                  )
                                    )    NO ORAL ARGUMENT UNLESS
17  _____ )    REQUESTED BY THE COURT

18                            I

19                        INTRODUCTION

20        This is an action alleging tort claims against the Federal Bureau of Investigation ("FBI").

21  Plaintiff's suit, initially brought in the Superior Court of California, was removed to district court on

22  June 10, 2008.  Pursuant to the Court's July 3, 2008 Order, the United States and the FBI were allowed

23  until August 11, 2008 to answer or otherwise plead to Plaintiff's Complaint.

24        As detailed herein, Defendant respectfully moves the Court to dismiss Plaintiff's Complaint for

25  the following reasons:

26        First, the Complaint does not comply with the pleading requirements of Rule 8 of the Federal

27  Rules of Civil Procedure (the "Federal Rules").  Plaintiff not only fails to provide any jurisdictional

28  grounds for his action, but most significantly, fails to provide Defendant with a short and plain statement

1  of the claim showing that Plaintiff is entitled to relief.  Second, Plaintiff does not establish that he

2  complied with the Federal Tort Claims Act's administrative claims requirements.  Finally, Plaintiff has

3  improperly named the FBI as a defendant.  The Complaint should therefore be dismissed under Rules 8

4  and 12(b)(1) and (6) of the Federal Rules.

5                                                          II

6                                                   ARGUMENT

7       A.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY
               WITH RULE 8 OF THE FEDERAL RULES
8

9            Rule 8 of the Federal Rules sets forth the general requirements for pleading.  It provides, in

10  pertinent part, as follows: "A pleading that states a claim for relief must contain: (1) a short and plain

11  statement of the grounds for the court's jurisdiction . . .; [and] (2) a short and plain statement of the claim

12  showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  Another section of the same rule

13  further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

14            The purpose of Rule 8(a) and (d) is to give fair notice of the claim asserted and permit the

15  adverse party the opportunity to file a responsive answer and prepare an adequate defense.  Brown v.

16  Califano, 75 F.R.D. 497, 499 (D.D.C. 1977).  In addition, the rule serves to sharpen the issues to be

17  litigated and to confine discovery within reasonable grounds.  Prezzi v. Berzak, 57 F.R.D. 149, 151

18  (S.D.N.Y. 1972).

19            The Federal Rules' pleading requirements are quite liberal especially when, as here, a pro se

20  plaintiff is involved.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Plaintiff's status as a self-represented

21  litigant, however, does not excuse him from complying with those requirements.  See King v. Atiyeh,

22  814 F.2d 565, 567 (9th Cir. 1987); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  There is

23  a limit to the law's lenity, and even a pro se complaint is subject to dismissal if the pleading is deficient.

24  King v. Atiyeh, 814 F.2d at 567; United States ex rel. Dattola v. Nat'l Treasury Employees Union, 86

25  F.R.D. 496, 499 (W.D. Pa. 1980).

26            Courts have readily dismissed actions where the complaint: was "confusing, ambiguous, [and]

27  redundant" (Wallach v. City of Pagedale, 359 F.2d 57, 58 (8th Cir. 1966)); was "so verbose, confused

28  and redundant that its true substance, if any, is well disguised" (Corcoran v. Yorty, 347 F.2d 222, 223

(9th Cir. 1965) (per curiam)); contained "a completely unintelligible statement of argumentative fact" (Koll v. Wayzata State Bank, 397 F.2d 124, 125 (8th Cir. 1968)); or was "a meandering, disorganized, prolix narrative" (Karlinsky v. New York Racing Ass'n, 310 F. Supp. 937, 939 (S.D.N.Y. 1970)).

In the present case, the Complaint patently violates Rule 8(a) and (d) because there is no "short and plain" nor "concise" statement of Plaintiff's claims. Rather, the pleading is presented on a Judicial Council of California standard tort complaint form. Attached to it is a verbose and rambling account of various disjointed happenings.

The observations of the Brown v. Califano court about the pro se plaintiff's pleadings before it apply equally well to this case:

> The pleading filed by the plaintiff in this case is indeed a confusing and rambling narrative of charges and conclusions. . . . The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated. . . . It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F. R. Civ. P. 8(a).

Brown v. Califano, 75 F.R.D. at 499.

Answering Plaintiff's Complaint in its present form would be difficult if not impossible. Plaintiff should be required to formulate a pleading that complies with Rule 8 and to which Defendant can reasonably respond. It would hinder justice to require Defendant to answer this complaint and be subject to discovery when the Plaintiff refuses to present his claims in an orderly fashion. See Vance v. American Society of Composers, 271 F.2d 204, 207 (8th Cir. 1959).

B.    PLAINTIFF'S TORT CLAIM IS BARRED BY PRINCIPLES OF SOVEREIGN IMMUNITY BECAUSE HE DOES NOT ESTABLISH THAT HE SUBMITTED A JURISDICTIONALLY REQUIRED ADMINISTRATIVE CLAIM BEFORE FILING HIS COMPLAINT

1.    Under Principles of Sovereign Immunity, the Extent to which the Federal Government Can Be Sued in Tort Is Limited by the Federal Tort Claims Act

The United States, as sovereign, is immune from suit except to the extent that it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 398 (1976); Reed ex rel. Allen v. United States Dep't of the Interior, 231 F.3d 501, 504 (9th Cir. 2000). The terms of the sovereign's consent narrowly define a court's jurisdiction, United States v. Sherwood, 312 U.S. 584, 586 (1941), and any waiver of immunity must be unequivocally expressed:

The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.

Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, constitutes a partial waiver of sovereign immunity for some tort claims asserted against the United States. Any such tort suit must be brought in strict compliance with the FTCA's provisions, which specify the terms, conditions and extent of this limited sovereign immunity waiver. Lehner v. United States, 685 F.2d 1187, 1189 (9th Cir. 1982); Caidin v. United States, 564 F.2d 284, 286 (9th Cir. 1977). Thus, the FTCA's specific terms limit a federal court's jurisdiction to entertain an action under that Act. Warren v. United States Dep't of the Interior B.L.M., 724 F.2d 776, 777 (9th Cir. 1984).

As a waiver of sovereign immunity, the FTCA must be strictly construed in the United States' favor. Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). See also United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992). (Immunity waivers must be construed strictly in the sovereign's favor and may not be enlarged beyond what the enabling statute's language requires.) No liability attaches under the FTCA except where expressly authorized by Congress, and a plaintiff must demonstrate an unequivocal waiver of immunity. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." Holloman v. Watt, 708 F.2d 1399, 1401 ( 9th Cir. 1983); see also Blue v. Widnall, 162 F.3d 541, 544 (9th Cir. 1998).

> 2. Before a District Court Complaint Can Be Filed under the FTCA, a Plaintiff Must First File an Administrative Claim with the Cognizant Agency

A basic jurisdictional requirement for maintaining a tort suit against the federal government under the FTCA is that a party must first file an administrative claim with the cognizant agency seeking a sum certain in damages. 28 U.S.C. § 2675. If such a claim has not been filed, a district court has no subject matter jurisdiction to hear the case.

A failure to file a valid administrative claim divests a district court of jurisdiction to hear a party's claim. See Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995); Jerves v. United States, 966

1    F.2d 517, 519 (9th Cir. 1992); <u>Burns v. United States</u>, 764 F.2d 722, 724 (9th Cir. 1985); <u>Avila v. I.N.S.</u>,

2    731 F.2d 616, 618 (9th Cir. 1984); <u>Holloman v. Watt</u>, 708 F.2d 1399, 1402 (9th Cir. 1983). "Exhaustion

3    of the claims procedures established under the Act is a prerequisite to district court jurisdiction."

4    <u>Johnson v. United States</u>, 704 F.2d 1431, 1442 (9th Cir. 1983). "This claim requirement is jurisdictional

5    in nature and may not be waived." <u>Spawr v. United States</u>, 796 F.2d 279, 280 (9th Cir. 1986). Section

6    2675(a)'s requirements are "strictly adhered to." <u>Jerves v. United States,</u> 966 F.2d at 521.

7        Moreover, a plaintiff seeking to invoke the court's jurisdiction must affirmatively allege that he

8    has timely filed an administrative claim. <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980). <u>See</u>

9    <u>also</u> <u>Hutchinson v. United States</u>, 677 F.2d 1322, 1327 (9th Cir. 1982). Without this factual predicate

10   for the court's jurisdiction, the complaint is subject to dismissal. <u>Id</u>. In the present case, Plaintiff has

11   failed to allege that he filed an administrative claim with the appropriate federal agency before bringing

12   suit in district court. Accordingly, his Complaint must be dismissed, subject to amendment if the

13   jurisdictional defect can be cured. <u>Id</u>.

14       C.    PLAINTIFF HAS IMPROPERLY NAMED THE FBI AS A DEFENDANT

15       Plaintiff has named the FBI rather than the United States as a defendant in this case. It is well

16   established, however, that "the United States is the only proper party defendant in an FTCA action."

17   <u>Kennedy v. U.S. Postal Service</u>, 145 F.3d 1077, 1078 (9th Cir. 1998). It is equally well established that

18   "federal agencies are not subject to suit <u>eo nomine</u> unless so authorized by Congress in explicit

19   language." <u>Shelton v. U.S. Customs Service</u>, 565 F.2d 1140, 1141 (9th Cir. 1977). As the Ninth Circuit

20   stated in <u>FDIC v. Craft</u>, 157 F.3d 697, 706 (9th Cir. 1998), "[a]lthough [FTCA] claims can arise from

21   the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under

22   the FTCA." Accordingly, the FBI should be dismissed as a named Defendant.

23

24

25

26

27

28

III

CONCLUSION

For all of the foregoing reasons, the United States requests that the Court dismiss Plaintiff's action.

DATED: August 11, 2008                    Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          s/ Christopher B. Latham

                                          CHRISTOPHER B. LATHAM
                                          Assistant United States Attorney
                                          Attorneys for the United States of America

08cv1033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALVIN HENNINGTON, JR., | ) | Case No. 08cv1033 JAH (LSP) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CERTIFICATE OF SERVICE |
| FEDERAL BUREAU OF INVESTIGATION, | ) ) ) | |
| Defendant, | ) ) ) | |
| STATE OF CALIFORNIA | ) ) | ss. |
| COUNTY OF SAN DIEGO | ) | |

IT IS HEREBY CERTIFIED that:

I, Christopher B. Latham, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293, San Diego, California; I am not a party to the above-entitled action.

I have caused service of the following documents in this above-captioned action as indicated below:

-        Notice of Motion and Motion to Dismiss
-        Memorandum of Points and Authorities in Support of Motion to Dismiss

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

Name (If none, enter "None" below)

Alvin Hennington, Jr.
5170 Clairemont Mesa Blvd., Unit 4
San Diego, CA 92117-1465

the last known address at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2008.

_____
CHRISTOPHER B. LATHAM