|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 10 | ALVIN HENNINGTON, JR. | Civil No.08cv1033 JAH (LSP) |
| 11 | Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 11]** |
| 12 | v. | |
| 13 | FEDERAL BUREAU OF INVESTIGATION, | |
| 14 | Defendant. | |

## BACKGROUND

Plaintiff originally filed a complaint in Superior Court of California, County of San Diego on March 3, 2008 against the Federal Bureau of Investigation. On June 10, 2008, the matter was removed to federal court and later transferred to this Court pursuant to the low number rule. Plaintiff filed a motion for entry of default judgment, which the Court denied as premature and unwarranted. See Order (Doc. No. 10).

On August 11, 2008, Defendant filed a motion to dismiss. Plaintiff did not file a timely response. Instead, Plaintiff filed numerous motions for default judgment that were either denied or rejected by this Court as improper. See Doc. Nos. 12, 13, 14, 15, 16, 17, 18. Defendant's motion was set for hearing on September 15, 2008, but was taken under submission without oral argument. On September 29, 2008, Plaintiff filed a request for counsel and on October 24, 3008, submitted an untitled document asking the Court to deny Defendant's motion to dismiss. On December 22, 2008, Plaintiff filed another

motion for entry of default judgment.

**DISCUSSION**

Defendant moves to dismiss under Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6). Defendant argues the complaint fails to comply with the pleading requirements of Rule 8, Plaintiff failed to comply with the Federal Tort Claims Act's administrative claims requirement and improperly named the FBI as a defendant.

Plaintiff argues the motion should be denied "on the grounds that you have to show presedence [sic] and legal grounds in order to dismiss case that is already in default." Response at 1 (Doc. No. 28). There is no record of a default in this action. In fact, this Court has repeatedly denied Plaintiff's various motions for entry of default judgment, as premature and unwarranted, because Plaintiff failed to obtain entry of default from the Clerk of Court and Defendant responded timely to the complaint by filing the pending motion to dismiss. Additionally, as discussed further below, Defendant provides sufficient grounds for dismissal.

**I. Legal Standards**

**A. Rule 8**

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). Similarly, Rule 8(d) requires that "each averment of a pleading shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

**B. Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations

of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publishing Co. v. General Telephone Corp.</u>, 594 F.2d 730, 733 (9th Cir.1979).

Defendant argues Plaintiff failed to meet the jurisdictional requirement for maintaining a tort claim against the federal government by filing an administrative claim. 28 U.S.C. § 2675(a) provides in relevant part that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." A plaintiff's filing of an administrative claim is jurisdictional, and must be adhered to strictly. <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000).

**C. Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984); <u>see</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. <u>Robertson</u>, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 (2007).

**II. Analysis**

The Court has reviewed the complaint. Plaintiff appears to assert claims for "conflict of interist [sic]", harassment, slander, "psciological [sic] torture", sodomy, rape, invasion of privacy and medical malpractice, and seeks fifty million dollars. <u>See</u> Complaint (Doc. No. 1). Plaintiff's complaint alleges he was harassed and tortured and received death threats, hypnosis and thought implantation in an attempt to "blow"

Plaintiff's case for 2.5 million dollars that "went into default." According to the allegations of the complaint, all the acts were committed by police officers. The complaint is devoid of any allegations against Defendant FBI and therefore fails to state a claim against the FBI. Furthermore, Plaintiff fails to demonstrate he filed an administrate claim as required. Therefore, the complaint is subject to dismissal.

The Court also finds, to the extent Plaintiff is asserting a tort claim against Defendant FBI, the FBI is not a proper defendant. The Federal Tort Claims Act ("FTCA") "is the exclusive remedy for tort actions against a federal agency" and the United States is the only proper defendant for claims arising under the FTCA. Kennedy v. U.S. Postal Serv., 145 F.3d 1077 (9th Cir. 1998).

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **GRANTED**. The complaint is dismissed without prejudice.
2. Plaintiff's motion for counsel (Doc. No. 23) is **DENIED as moot**.
3. Plaintiff's motion for entry of court judgment is **DENIED as moot**.

DATED: January 7, 2009

_____
JOHN A. HOUSTON
United States District Judge